By the Court,
Jones, J.
As the will was not in evidence, the learned judge committed an error in adverting to, and giving a construction of it.
This error could not fail to be prejudicial to the defendant. The judge, in effect, told the jury that the animus of the defendant should have a great effect on the damages; that if he acted honestly, solely, with a view to the welfare of the plaintiffs’ mother, the damages should be less than if he acted from wrong motives. He then charged the jury that in this question of animus there was evidence that the defendant shortly after the removal, procured from the plaintiff’s mother a will giving him all the property absolutely, unconnected with any trust; and the judge left it to a jury to say whether the removal was made with a design to have the will executed, and from improper motives, or whether his motives were good and charitable.
The effect of this charge as to the will was necessarily to influence the jury to find, upon a matter not in evidence, that the removal was from improper motives ; and upon such a finding, to lead the jury to enhance the damáges under the charge that the damages should be greater if the animus was improper than if it were good and charitable.
*42 It may be urged that the judge spoke of the deed made by the plaintiff’s mother to the defendant, in the same connection with the will, and that the damages would have been the same if he had said nothing about the will. That, however, we cannot determine. It is impossible to say what importance the jury attached to the deed, or what they attached to a will of the character which the judge told them the defendant had procured to be executed ; and it is equally impossible to say to what extent the jury, in finding the damages relied on the charged fact that a will of this character had been procured by the defendant.
But, again ; the judge did not assume to give a construction to the deed. It was before the jury that a part of the consideration of the deed was the support and maintenance of the plaintiff’s mother during her life. If the deed stood alone, the jury might have come to the conclusion that it was but a fair and proper provision for the charges and expenses the defendant might be put to in supporting the plaintiff’s mother during her life.
Again ; it may be urged that the judge’s remarks as to the will were confined to the assault up stairs, and that the damages were given solely for the assault down stairs. There is, however, nothing to enable us to say that the jury made any such discrimination. For aught that appears, they may have given their verdict solely for the assault up stairs, or for both assaults,
, There must be a new trial, with costs of the appellant, to abide the event.
Judgment reversed, and a new trial granted, costs to abide the event.