## ROUSE *v.* LEWIS.

### March, 1866.

A buyer, having paid for chattels, to be delivered at a future day, is not bound to receive them after that day has passed, unless the delay was caused by his acts before the day, or unless he has waived punctual performance.*

The judge should refuse to instruct the jury as to the effect of a fact alleged by one of the parties, but not substantiated by any evidence.

Simeon Rouse sued Ebenezer Lewis, in the supreme court, for damages for breach of a contract to sell and deliver within a day named, two mowing machines, which at the time of contracting were in course of construction or alteration, at defendant's shop. Plaintiff paid for the mowers at the time of making the contract. The only question of fact litigated was whether they were to be delivered on June 27, as claimed by plaintiff, or on July 4, as claimed by defendant.

On the day which plaintiff claimed was the day fixed, he demanded delivery, but the mowers were not done. Thereupon he told the defendant that he should not take them afterward, whether finished or not. When the day which defendant claimed was the date for performance, the machines were finished and ready for delivery.

The testimony of the parties and their witnesses as to what was the true day was conflicting. On each side there was explicit testimony.

The court was asked by the defendant to instruct the jury "that, if they believed, from the evidence, that plaintiff notified defendant, before the time expired for altering the machines, that he would not take them, then the defendant was not in default for not getting them ready in time." This the court refused.

The jury found for plaintiff, but the supreme court set the verdict aside, and ordered a new trial.

Plaintiff appealed.

---

* As to notice of intent not to perform, compare Bunge *v.* Koop, 48 *N. Y.* 225.

*H. C. Leavenworth,* for plaintiff, appellant.

*Argus McDonald,* for defendant, respondent,—Insisted that the judge should have charged that if before delivery of the machines, plaintiff notified defendant that he would not take them, then defendant was not in default for not getting them ready *in time.* 2 *Pars. on Cont.* 188, 189 ; Dana *v.* Fiedler, 1 *E. D. Smith,* 463 ; Ogden *v.* Marshall, 8 *N. Y.* (4 *Seld.*), 340 ; Vaupell *v.* Woodward, 2 *Sandf.* 143 ; Cort *v.* Ambergate Railway Co., 6 *Eng. L. & E.* 220 ; Hochester *v.* De Latour, 20 *Id.* 157.

PORTER, J.—The judgment was reversed in the court below, on the ground that the judge erred in refusing to instruct the jury, that the defendant was not in default for omitting to have the machines ready in time, if they believed that before the time expired, he was notified by the plaintiff that he would not take them. The decision was made upon the argument, the judge who tried the cause dissenting ; and we think it quite apparent that the reversal was due to a misapprehension of the facts.

The contract, on the part of the plaintiff, was completely executed at the time it was made. All that he undertook to do, was done at once. He owed no remaining duty to the defendant, who received his pay in advance, for the property he engaged to deliver. The parties afterward differed as to the period fixed for delivery ; but there was not a scintilla of evidence that the plaintiff ever consented to any extension of the time, or intimated either by word or act that he did not intend to hold the defendant to a strict performance of the contract. Of this the latter had no right to complain, for he admits that when the plaintiff called for the machines, and claimed that they were to have been furnished in two weeks, he refused to rescind the contract and restore the consideration, though the articles were not in readiness for delivery.

The proposition which the judge was requested to submit to the jury, was wholly unwarranted by the evidence, and could only tend to mislead them, as well in respect to the nature of the issue as to the legal effect of the proof. The parties both testified that the contract was for the delivery of the machines

within a fixed period; and the vital and controlling question in the case was, whether the time limited for performance by the defendant was the 4th of July, as he testified, or the 27th of June, as proved by the plaintiff and his witnesses. If the 4th of July was the day,. the defendant was not in default; for the proof is clear that the machines were then at the appointed place and complete, so far as they were ever completed. If the 27th of June was the day, the parties and their witnesses all agree that the mowers were then unfinished. In either aspect of the proof, therefore, the proposed instruction was irrelevant. If the time did not expire until the 4th of July, there was no default to be excused. If it expired at the end of two weeks, as the plaintiff proved, there was no testimony to warrant the assumption, either by the court or the jury, that the completion of the machines had been delayed by any such notice from the plaintiff. The bargain was made on the 12th of June, and the defendant proves that his employees gave their attention first to the manufacture of his mowers of the new pattern, and did not commence work on these until the 24th. This was the delay which retarded the delivery of the machines, but after they began the work, it was prosecuted vigorously to completion, and the mowers were in readiness on the 4th of July, which the defendant claims to have been the appointed day.

The declarations to which the proposition refers, were not made by the plaintiff until after the two weeks had expired. There was some slight confusion of dates on the part of the witnesses, as usually happens after a considerable lapse of time. This was cleared up however, by unmistakable proof. The order of the successive interviews was fixed beyond all question. It would have been the plain duty of the court to set aside as against evidence a finding that either of the declarations in question were made by the plaintiff prior to the demand of the machines on the 27th day of June. They were all of the same tenor. In each case he was complaining of the defendant's breach of contract, in not having the mowers ready at the appointed time. It was in reference to this violation of the agreement, that he declared he would not take them, even if the defendant went on and completed them afterward. There

was no waiver of his rights under the contract, but a constant assertion of those rights. There was no pretense on the part of the defendant or his witnesses of any assent by the plaintiff to delay, or any waiver of strict performance. The parties were throughout in a position of direct antagonism, each insisting on his own version of the contract, and each standing on his legal rights under it. The issue made by them was precisely that which the court committed to the jury. If the time fixed for delivery was the 27th of June, the contract was broken, and the plaintiff was not bound to accept the machines. If the delivery was to be on the 4th of July, the agreement was performed, and the defendant was entitled to a verdict.

The appellant was right in claiming that when one of the parties to a contract, containing mutual and dependent stipulations, either prevents or waives its punctual fulfillment by the other, he cannot afterward complain of the delay to which he assented. Young *v.* Hunter, 6 *N. Y.* 203, 205; Hasbrouck *v.* Tappan, 15 *Johns.* 200. It is also true that the defendant, under an answer alleging the fulfillment of such an agreement, is at liberty to prove that strict performance was prevented or waived by the plaintiff. Holmes *v.* Holmes, 9 *N. Y.* 525. But these rules have no application to a case like the present, where the plaintiff neither waived nor prevented performance by the defendant. The only legitimate issue was that which the judge submitted to the jury. A charge in the terms of the proposed request would have been inappropriate to the facts, and fatal to a verdict in favor of the defendant. A judge is not at liberty to instruct a jury to base their findings on a hypothesis unwarranted by the evidence. Storey *v.* Brennan, 15 *N. Y.* 524.

We have examined the other exceptions taken on the trial, and we think they are all untenable. The order granting a new trial should be reversed, and judgment on the verdict affirmed.

A majority of the judges concurred.

Order reversed, and judgment for plaintiff on verdict.