FREDERICK McLEWEE, Respondent, *v.* BOLTON HALL et al., Appellants.

(Submitted June 3, 1886; decided October 5, 1886.)

THE following is the opinion in full in this action:

" This action was brought against the defendants as copartners, doing business as such under the name and style as a firm of the United States Reflector Company. Unless such a copartnership in fact existed, or was so represented to exist as to involve liability to third persons dealing upon the faith of the representations, the cause of action pleaded was wholly unproved, and judgment should have gone for the appellants. The actual relation existing by their mutual agreement between the firm of Hall, Nicoll & Granbery and the corporation organized and known as the United States Reflector Company was proved upon the trial. That agreement was in writing, entirely undisputed, and there is no pretense that as between the firm and the corporation any other agreement establishing their relations *inter sese* was at any time made. We have already decided that the contract referred to did not make the firm and the corporation copartners and liable as such. (*Cassidy* v. *Hall*, 97 N. Y. 159.) The plaintiff, therefore, under his pleading, could only recover upon the ground that although not in fact partners, yet Hall, Nicoll & Granbery held themselves out as such, and the Reflector Company obtained credit on that account. The facts relied upon were very nearly those which in *Cassidy* v. *Hall* we held to be insufficient. They do show a sale to the corporation upon the verbal guaranty of the firm, the former being principal debtor and the latter surety or the reverse, but they do not show or tend to prove a representation of an existing copartnership. The plaintiff examined George Bridge, who was in the employ of the corporation, and who applied to purchase for it the cross and gas fixtures sued for. Before attempting the purchase the witness told Hall that no one would trust the Reflector Company, to which Hall replied : ' You must tell everybody the same as I have told you ; we are the Reflector Company.' This indicated no partnership. It suggested something quite different. The inference which it

justified was that the firm had become the owners of the corporation and were sustaining its credit, but not that a copartnership had been formed. The witness further explains that he was authorized by Hall to say that the corporation was 'now in good condition,' and that 'Hall, Nicoll & Granbery were its backers.' These representations were made to plaintiff, but he declined to sell upon them. In some form he evidently wanted the direct responsibility of the firm, and was unwilling to sell without it. Finally Bridge, by the authority of Hall, promised that the firm would pay the bill, and thereupon the sale was made. The goods were delivered to the Reflector Company, charged to it, and the bill sent to it for payment. Many letters from Hall to Bridge were produced. They showed a continued interference by the firm in the management of the business of the corporation, but an interference natural and proper under the written agreement, which contemplated an effort to restore the company's prosperity and build up its business. The plaintiff himself was called and gave his version of the representations leading to the sale. These were that the Reflector Company was backed and owned by Hall, Nicoll & Granbery, and was in good condition; that they controlled its business and furnished the money; and that if he sold to it he should have his pay. The effort was to bolster up its credit by an assurance of the firm's interest in it and determination to aid it, but there was not a word leading to any inference or encouraging any belief that the firm and the corporation had formed a copartnership which was to be the proposed purchaser. On cross-examination he shows that he perfectly understood the real relation existing, and was not misled by even the suggestion of a partnership. He says: 'I asked Bridge what relation Hall, Nicoll & Granbery were to the Reflector Company, and where they were getting their money; Hall, Nicoll & Granbery, *if they became security for the cross.* Bridge answered that they controlled the company; not that they were partners with it; that all orders were submitted to them; that bills were paid and collected by them; that they bought for the company and reimbursed their advances from collections made by them. Other circumstances and incidents

were shown, most, if not all, of which were considered by us in the *Cassidy* case. Upon the question of partnership we are unable to see any substantial ground of difference between that case and the present one.

"But there is another and graver question involved, although not raised in the appellants' brief. The firm did promise to pay this debt as an inducement to the sale by the vendors. Whether that promise was original or collateral, and whether the firm may not have become principal debtors for the goods is a very serious inquiry upon the evidence. Apparently that is the question which the court submitted to the jury upon the facts, and although outside of the pleadings it was covered by the proof. But to that proof an objection was interposed by the defendants. When the promise, 'We will pay that bill,' was first sworn to by Bridge the defendants' counsel moved to strike it out upon the ground that the whole theory of the action was a partnership; that what Hall said tending to induce that belief was pertinent, but the promise sworn to 'seems without the limits of the pleadings.' The court admitted the evidence 'as against Hall,' and the defendants excepted. The promise to pay, even if original, was thus admitted only as against Hall and the ruling cannot stand as a basis of the firm's liability as purchasers and original debtors. The question of pleading was squarely raised and, thereafter, without an amendment of the complaint proof of the firm's liability founded upon a basis other than that stated in the pleadings could not be given and acted upon. To sustain the unpleaded cause of action the admission of the evidence was error which can only be cured by deeming the promise to pay merely evidence bearing upon the question of partnership. And although quite singularly the court submitted this unpleaded cause of action to the jury, stating the inquiry to be whether 'Hall meant himself to be the purchaser together with the United States Reflector Company,' and adding that if the jury so found 'the plaintiff would be entitled to a verdict because the goods were sold not only to the United States Reflector Company but to Mr. Hall;' and although this charge evoked no objection or exception from the defendant,

yet we cannot ignore the fact that the evidence to sustain this unpleaded liability was objected to for that reason and its erroneous admission both as against the firm and as against Hall cannot be resorted to even to save what may be a very just verdict. Possibly, on a new trial, the pleadings may be so amended as to present the very serious question of the primary liability of the firm outside of a partnership but as the case stands the judgment rendered was erroneous."

*Wm. H. Scott* for appellants.

*Fred. M. Littlefield* for respondent.

FINCH, J., reads for reversal and new trial.
All concur.
Judgment reversed.