the said award is based upon irregular proceedings, and is therefore void, is proper and good by way of defense, and should be so pleaded in defendant's answer, but does not entitle him to an interpleader. The defendant's moving papers conclusively show that he is not subjected to a double demand for the same thing. The order must therefore be vacated, with costs.

NEWBURGER, J., concurs in the result.

---

(6 Misc. Rep. 534.)

### SANFORD v. AMERICAN DIST. TEL. CO.

(City Court of New York, General Term. January 18, 1894.)

MASTER AND SERVANT—WHEN RELATION EXISTS.

> A messenger sent by a district telegraph company in response to a call from one of its boxes is the agent of the company, and it is liable where the messenger carelessly loses a package which he was called to carry.

Appeal from trial term.

Action by Benjamin G. Sanford against the American District Telegraph Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before FITZSIMONS and NEWBURGER, JJ.

George H. Bearons and Rush Taggart, for appellant.
McIntyre & Settell, for respondent.

FITZSIMONS, J. The defendant is a common carrier, and as such must carry out every contract assumed by it, except where prevented from so doing by the act of God or the common enemy. The question in this case is, did the defendant contract to deliver the plaintiff's money to his bank for deposit? If so, then, in my opinion, the judgment herein should be sustained. The defendant has distributed throughout the city about 30,000 call boxes. Some of them are placed in private places, others in public places. The one which plaintiff used was situated in the Continental National Bank, and, as far as the manager of the messenger department of defendant knows, it might be in a public place in said bank. In such cases, when from the call box is sent word for a messenger to defendant's office, one is sent, and he performs the duty required from him by the caller without first returning to said office; and such is the instruction to such messenger boy by defendant. Such messenger is then the agent of the defendant for the services required, and his act is the act of the defendant. His carelessness is its fault, for which it is liable. The fact that defendant had a contract with the Continental Bank does not concern plaintiff unless his dealings with defendant were had with reference to such contract, which is not the case here. There is ample evidence showing that the boy who undertook to carry plaintiff's money to his bank was one of defendant's messengers, and, as above held, its agent, and that he lost the money intrusted to him, by his negligence, is also apparent; and defendant's lia-

bility for such negligence for the sum of money lost follows. **Finding** no error, the judgment must be affirmed, with costs.

NEWBURGER, J., concurs in the result.