(13 Misc. Rep. 88.)

### SANFORD v. AMERICAN DISTRICT TEL. CO.

(Common Pleas of New York City and County, General Term. June 3, 1895.)

**1. FORM OF ACTION—TORT OR CONTRACT.**

In an action against a messenger company to recover money delivered to one of defendant's messengers to be carried to a bank, and negligently lost by the messenger, the complaint alleged that defendant, "for a good and valuable consideration," received the money, and thereupon "undertook and promised plaintiff to transport and deliver the same" to the bank, which it "negligently and carelessly omitted to do." *Held*, that the complaint alleged a breach of contract.

**2. PLEADING—AMENDMENT TO CONFORM TO PROOF.**

Where plaintiff declares on a contract, he cannot be permitted on the trial to amend by alleging a cause of action for a tort, so as to conform to the proofs.

Appeal from city court, general term.

Action by Benjamin G. Sanford against the American District Telegraph Company to recover damages for the loss of a sum of money entrusted to one of defendant's messengers in the course of its business. From a judgment of the city court (27 N. Y. Supp. 142) affirming a judgment entered on a verdict in favor of plaintiff, defendant appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Geo. H. Fearons and Rush Taggart, for appellant.
McIntyre & Settel, for respondent.

BISCHOFF, J. Under a contract between it and the Continental Bank, the defendant, a corporation organized under the laws of the state of New York, had installed one of its "call" instruments at the place of business of the bank in the city of New York. On November 13, 1891, the plaintiff, a bookkeeper employed by the bank, and with its consent availing himself of the "call" instrument, summoned one of the defendant's employés, to whom he delivered a sum of money, with directions to deposit the same with the Bank of the State of New York, which was situated several blocks distant. The messenger, through carelessness, lost the money, and the plaintiff thereupon brought this action for indemnity. The defendant disputed its liability, assigning as grounds that its messenger's services were not employed in the business of the Continental Bank, but in the plaintiff's personal business. In other words, the defendant contended that, because it had held no contractual relation with the plaintiff, it owed him no duty for the breach of which an action would lie. The trial court ruled against this contention. A verdict was rendered for the plaintiff, upon which judgment was entered against the defendant. The judgment was affirmed at general term in the court below (27 N. Y. Supp. 142), and from the judgment of affirmance the defendant has appealed to this court.

Upon the trial it appeared that the defendant was engaged in the business of supplying messenger service for the use of all persons who chose to avail themselves of its facilities, and were willing to pay the rates, and to submit to the conditions, rules, and regulations

established by the defendant for the proper conduct of its business; that for such purpose the defendant maintained a central and branch offices, each equipped with a force of necessary employés of its own selection, whose particular duties were to carry messages, packages, and parcels for the defendant's patrons, and extended to the performance of all the ordinary errands which are incident to business and private life; that any patron could, upon payment of the additional expense thus to be incurred, and assuming to be responsible for the payment of the defendant's proper charges for services supplied through the medium of its use, have installed at his residence or place of business a "call" instrument, which is connected electrically with the defendant's nearest office, from which, in response to a signal or "call" transmitted with the aid of the instrument, the officer in charge dispatches a messenger to attend for service at the particular patron's address. It furthermore appeared conclusively that the plaintiff sustained the loss complained of by him in the manner hereinbefore stated. That upon the facts as they appeared upon the trial the defendant is liable in damages for the loss sustained by the plaintiff seems indisputable. It undertook, "as a business, to carry from one place to another the goods of all persons who may apply for such carriage, provided the goods be of the kind which it professes to carry," and was, therefore, a "common carrier." 2 Am. & Eng. Enc. Law, p. 777; 2 Kent, Comm. (Lacy's Rev. Ed.) *599; And. Law Dict. 150; 2 Bouv. Law Dict. 299; Bish. Noncont. Law, §§ 1057, 1151, 1185. As such, its duty to carry existed independently of any contract. Its business was affected with a public interest, and it was bound to serve, without discrimination, all who applied to it in the course of its business, and who, upon request, were willing to pay its reasonable charges, and to submit to its reasonable conditions, rules, and regulations. Lough v. Outerbridge, 143 N. Y. 271, 277, 38 N. E. 292; Nolton v. Railroad Co., 15 N. Y. 444; Rich v. Railroad Co., 87 N. Y. 382. Having assumed to carry, the defendant was, furthermore, under an imposed duty, aside from any duty which it might contractually assume, to do so with due care. Coggs v. Bernard, 1 Smith, Lead. Cas. 382; Rich v. Railroad Co., supra; Bish. Noncont. Law, §§ 74, 1184, 16 Am. & Eng. Enc. Law, 415; Cooley, Torts (2d Ed.) 105. Hence, for inexcusable neglect in the performance of such imposed duty the defendant was liable in damages ex delicto to all persons who sustained loss from such neglect, and for the negligent performance of its contractual duty it was liable in damages ex contractu to the particular person with whom it had contracted to carry. Cooley, Torts (2d Ed.) pp. 103, 106, and cases collated in note 1; Shearm. & R. Neg. § 4; 16 Am. & Eng. Enc. Law, p. 387, tit. "Negligence," subtit. "Analytical Description"; 2 Am. & Eng. Enc. Law, p. 903, and cases collated in note 3. The degree of care to which the defendant was held as a "common carrier" of goods was that of an insurer of their safe delivery, and from the consequences of a loss of the goods intrusted to it for carriage it was absolvable only by vis major and the acts of the common enemy. Dorr v. Navigation Co., 11 N. Y. 485; Merritt v. Earle,

29 N. Y. 115; Read v. Spaulding, 30 N. Y. 630. For the predicament of the defendant's liability ex delicto, therefore, proof of a contract with the plaintiff for the carriage of the money lost was not essential. It was sufficient that the money was the property of the plaintiff, that it was received by the defendant for carriage, and that the latter omitted to make delivery thereof. The messenger dispatched in response to the plaintiff's signal was without express authority to contract for the carriage of the money with the plaintiff in the defendant's behalf. He was a mere servant, bound only to obey his master's lawful directions. No such authority was, we think, inferable from the character of his employment. Nevertheless, his dispatch to attend for service at the Continental Bank clothed the messenger with the limited apparent authority to accept for the defendant whatever its patron, the bank, or those acting for or with the consent of its patron, saw fit to intrust him with, and was in the usual course of the defendant's business to receive. Thus the rule respondeat superior (Broom, Leg. Max. [8th Am. Ed.] 842) applied. The messenger's custody was the defendant's custody; his default that of the defendant. No implication arose from the installation of the "call" instrument at the place of business of the bank that its use was to be limited to the affairs of the bank; and whether or not the use of the "call" instrument by the plaintiff, with the consent of the bank, implied an adoption on his part of the limitation of the defendant's liability for the default of its messengers, provided for in the contract which accompanied the installation of the instrument, is a question which does not arise in the case at bar, because not presented by any exception which appears in the record. For a fatal variance between the pleadings and the proof, however, and a resulting failure of proof to sustain the cause of action alleged in the complaint, of which the defendant sought to avail itself by motions for dismissal of the complaint, made when the plaintiff closed the introduction of his direct evidence, and again when the cause was about to be submitted to the jury, and to the denials of which motions, severally, due exception appears, the judgment for the plaintiff must be reversed.

The gravamen of the complaint is the neglect of the defendant to deliver a sum of money which it had received under an alleged contract of carriage between the plaintiff and the defendant. Hence the cause of action alleged was ex contractu. This is apparent from the allegations that "the defendant, through its lawful and authorized representative, received from the plaintiff the sum of one hundred and seventy-five dollars ($175.00) lawful money of the United States of America, to be delivered for deposit in the Bank of the State of New York, for a good and valuable consideration"; and "that thereupon, in consideration thereof, the defendant undertook and promised the plaintiff to transport and deliver the same to the Bank of the State of New York," which it "negligently and carelessly omitted to do." Proof of the alleged contract was, therefore, a constituent of the cause of action, without which the cause of action was not apparent. True, at the time of the several motions for dis-

missal of the complaint, the defendant's counsel did not in those words call the attention of the trial court to the failure of proof or the variance between the complaint and the proof, but we cannot ignore the fact that such was the effect of the ground stated. The evidence upon which reliance was had by the plaintiff for proof of the contract alleged was the delivery of the money to the messenger dispatched by the defendant. This, for the absence of express or apparent authority on the part of the messenger to contract in the defendant's behalf, was, as stated, palpably insufficient, and the defendant's counsel thereupon moved the dismissal of the complaint upon the ground that the messenger's authority to contract was not shown. Neither could the trial court, against the defendant's objection, without disregard of established principles of pleading and recovery, have directed an amendment of the complaint to conform it to the proof, since such a direction would have involved the substitution of an entirely new and different cause of action. Code Civ. Proc. § 723; Baylies, Code Pl. 321. It is the settled rule that the recovery must in every instance be secundum allegata et probata (Romeyn v. Sickles, 108 N. Y. 650, 15 N. E. 698; Southwick v. Bank, 84 N. Y. 420; McLewee v. Hall, 103 N. Y. 639, 8 N. E. 486), and it is not to be said in the case at bar that the consent of the defendant to the substitution of a cause of action ex delicto is inferable from the character of the evidence admitted without objection (Frear v. Sweet, 118 N. Y. 454, 23 N. E. 910), since such evidence was relevant to the issues which were made by the pleadings. The objection of a defendant to the plaintiff's recovery ex delicto in an action ex contractu is not without force, because of the gravity of the results to the former. The nonjoinder of necessary parties defendant may be available as a defense in an action ex contractu, and not so in an action ex delicto; compensatory damages only are recoverable in the former, punitive as well as compensatory damages in the latter; in the one, the judgment is enforceable only as against property; in the other, against the person as well. 2 Am. & Eng. Enc. Law, p. 903, cases collated in note 3; Pom. Rem. & Rem. Rights (2d Ed.) §§ 558–562. The judgments of the general and trial terms of the court below should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.