ROCHESTER LAMP CO., Appellant, v. BRIGHAM, Respondent. (Supreme Court, General Term, First Department. October 18, 1895.) Action by the Rochester Lamp Company against John H. Brigham. No opinion. Order reversed, with $10 costs and disbursements, and defendant ordered to appear for examination.

ROCHESTER PRINTING CO., Appellant, v. FAHY et al., Respondents. (Supreme Court, General Term, Fifth Department. June Term, 1895.) Action by the Rochester Printing Company against Patrick Fahy and others. No opinion. Judgment affirmed, with costs.

RUDD, Respondent, v. VAIL, Appellant. (Supreme Court, General Term, Fourth Department. February Term, 1895.) Action by Joseph Rudd, Jr., as receiver, etc., against William Vail, impleaded, etc. No opinion. Interlocutory judgment affirmed, with costs, with leave to answer upon payment of the costs of the demurrer and of this appeal.

RUMPF, Respondent, v. PERKINS, Appellant. (City Court of New York, General Term. October 29, 1895.) Action by Charles Rumpf against Mrs. S. Gillespie Perkins. Black & King, for appellant. Gruber & Bonynge, for respondent.

FITZSIMONS, J. The defendant's contention that the notes in suit were diverted is not sustained by the evidence; in fact, the evidence shows just the contrary. The defendant made said notes to Perkins & Co., to be given to plaintiff in part payment of a debt owing to him by defendant, and that is the precise use to which they were applied; therefore, there was no diversion. The defendant further contends that said notes were procured from her by Perkins & Co. by fraud. Granting that to be true, the evidence does not charge plaintiff with being a party to such fraud, and, as he took said notes and other consideration in payment of his debt, the notes were good in his hands; but, as a matter of fact, no fraud on the part of Perkins & Co. was proven. They evidently hoped that the payment of the notes to plaintiff would induce him not to prosecute his claim, and thus stave off the impending financial ruin which threatened them. In this supposition and belief (which was a mere opinion on their part) they were mistaken, for which mistake of judgment, of course, plaintiff is not liable. The judgment is affirmed, with costs. All concur.

SANFORD v. AMERICAN DIST. TEL. CO. (Common Pleas of New York City and County, General Term. December 2, 1895.) Action by Benjamin G. Sanford against the American District Telegraph Company. No opinion. Motion for leave to appeal to the court of appeals granted. See 34 N. Y. Supp. 144.

SAWYER et al., Respondents, v. SICKLES, Sheriff, Appellant. (City Court of New York, General Term. November 26, 1895.) Action by Joseph Sawyer, Joseph D. Sawyer, John B. Manning, and Thomas F. Patterson against Daniel E. Sickles, as sheriff of the city and county of New York. Hays & Greenebaum, for appellant. Gruber, Bard & Landon, for respondents.

McCARTHY, J. If this matter came up under the old procedure, I feel the appellant would be correct. The only guide as to the cause of action is the complaint, no matter what provisional remedy may have been used. The appellant may move to set aside whatever steps have been taken in the direction of replevin on the ground that the action is one of conversion. Under the liberal construction placed on pleadings, we see no other way. Order affirmed. No costs.

SCHOLL, Respondent, v. MONROE COUNTY, Appellant. (Supreme Court, General Term, Fifth Department. June, 1895.) Action by Charles Scholl against the county of Monroe. No opinion. Order affirmed, without costs.

SCHREINER, Respondent, v. NEW YORK EL. RY. CO., Appellant. (Supreme Court, General Term, First Department. November 15, 1895.) Action by John Schreiner against the New York Elevated Railway Company. J. C. Bushby, for appellant. E. W. Tyler, for respondent. No opinion. Judgment affirmed, with costs.

SCHWARZ, Respondent, v. BROOKLYN HEIGHTS R. CO., Appellant. (City Court of Brooklyn, General Term. October 28, 1895.) Action by Abraham Schwarz against the Brooklyn Heights Railroad Company. Morris & Whitehouse, for appellant. M. Hallheimer, for respondent.

PER CURIAM. The verdict in this case was not against the weight of evidence. Four witnesses testified in favor of the defendant as to what took place at the time of the collision. No exception was taken to the questions submitted to the jury, and counsel seem to have agreed to the theory of the case adopted by the judge at the trial. No costs were imposed as a condition of granting the new trial, and therefore we may infer that the same was granted as matter of right, and not as matter of favor. We have examined the exceptions at folios 47, 68, 83, 84, 88, and 154, and do not find error, and conclude that the order granting a new trial should be reversed, with costs.

SCHWARZ, Respondent, v. METROPOLITAN EL. RY. CO., Appellant. (Supreme Court, General Term, First Department. November 15, 1895.) Action by Jacob Schwarz against the Metropolitan Elevated Railway Company. B. Tolles, for appellant. E. W. Tyler, for respondent. No opinion. Judgment affirmed, with costs.