THOMAS P. WILSON, Respondent, *v.* NASSAU ELECTRIC RAILROAD COMPANY, Appellant.

*Negligence — testimony by a conductor of a street car that he reported that a passenger complained of an electric shock is hearsay — it affords no basis for a charge to the jury — an objection to testimony need not be repeated.*

In an action brought to recover damages for personal injuries, sustained by a passenger on an electric railroad from an electric shock, testimony given by the conductor of the car in question, to the effect that he reported to the inspector of the road that "there was a passenger claimed he got a shock and the car was not fit to be on the road," is hearsay evidence and incompetent.

Such evidence does not justify a charge to the jury that there was evidence in the case from which they might find that another passenger had received an electric shock upon the car in question before the plaintiff had boarded it, and that, if they should so find, "the jury may take that evidence into consideration in determining the condition of the car."

A party who has objected to the admission of incompetent testimony and has made a motion to have it stricken out, and has taken an exception to the rulings admitting it, is not obliged to repeat his objection and motion when similar testimony is subsequently admitted.

APPEAL by the defendant, the Nassau Electric Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 2d day of February, 1900, upon the verdict of a jury for $4,000, and also from an order entered in said clerk's office on the 8th day of February, 1900, denying the defendant's motion for a new trial made upon the minutes.

*John L. Wells,* for the appellant.

*Thomas E. Pearsall,* for the respondent.

JENKS, J.:

This judgment for plaintiff must be reversed for an erroneous charge. The action is brought to recover damages for personal injuries suffered through the negligence of the defendant. The plaintiff complained that he was a passenger on the car of the defendant, and that while stepping from the platform to the metal door sill of the car he received an electric shock that paralyzed him. It is not claimed that the car was out of order. The car was con-

structed of wood and metal; it was propelled by electricity; it was wet, and its platform was wet and slushy, for the day was rainy and snow was on the ground, and the accident was due to the fact that the plaintiff, who had been wet by the rain, completed a circuit for the electric flow. This is the explanation of the experts of the plaintiff. Bausert did testify that if proper insulating material were employed, wet wood would not carry the current; that he "believed" such material was in use, and that he had used insulating material in cars. He stated that he had worked upon these cars three years before, and that then he had employed the latest and most improved methods in wiring.

After the main charge of the learned court, the learned counsel for the plaintiff asked the court to charge that if the jury "find another passenger was shocked by electricity on the car on the way to the ferry and before it reached the ferry, and that the conductor reported the car as defective to the man in charge, the jury may take that evidence into consideration in determining the condition of the car when it left the ferry." The learned counsel for the defendant said: "There is no such claim in the complaint." The court said: "If you want that charged I will charge it, and you take your chances. I will charge it and give the defendant an exception." The learned justice practically informed the jury that there was evidence in the case on which they might find that another passenger had received a shock of electricity on this car on the day in question on the way to the ferry and before it reached the ferry; that is, prior to the time that the plaintiff boarded this car at Marcy avenue and Walton street. If there were testimony in the case permitting an inference of such fact, then it would bear upon the negligence of the defendant; indeed, the court so charged. And in addition it might, even then, aside from its legitimate bearing, tend to influence the passions and to wake the prejudice of the jury. If there were no such evidence in the case how can it be said that the court fell into an error harmless to the defendant. The only part of the record that requires consideration is that relating to the examination of the defendant's conductor, who was called by the plaintiff, and who was asked: "State what report you made to the inspector of this railroad at the ferry as to the condition of this car." This was objected to as incompetent, immaterial and not

binding upon the company. The objection was overruled, and an exception was taken. After some preliminary questions the learned counsel for the plaintiff asked: "Now state what report you made to him. A. I told him there was a passenger made a kick and the car was out of order; of a shock." Thereupon the defendant's counsel made a motion to strike out, which was denied under exception. Thereupon the plaintiff's counsel put this question: "State all that you said to the starter of this railroad at the ferry when you went there that day." Thereupon the witness answered: "I told him when I went to the ferry that there was a passenger claimed he got a shock and the car was not fit to be on the road. * * * And when I reached Walton street and Marcy avenue it was there that Mr. Wilson (the plaintiff) got on the car." The conductor's statement that he "told him there was a passenger made a kick and the car was out of order; of a shock," may well be read as equivalent to testimony that the witness had told the inspector that a passsenger had made an objection or a complaint that the car was out of order, and that the complaint made by the passenger was that he, the passenger, had received a shock from the electric current. Certainly the answer to the question, when, put a second time, "I told him when I went to the ferry that there was a passenger claimed he got a shock and the car was not fit to be on the road" is susceptible of a similar reading. And as so read, each piece of testimony, as proof that a passenger received a shock, is rank hearsay and not evidence. And as this is all of the testimony in the record touching the complaint, there was no evidence before the court upon which the request to charge could be founded. If this be so, this is error that requires reversal without any further scrutiny of the record. (*Hutchins* v. *Hutchins*, 98 N. Y. 56, 65, 66; *Willson* v. *Law*, 112 id. 536, 542; *Rouse* v. *Lewis*, 4 Abb. Ct. App. Dec. 121, 122; *Hollister* v. *Johnson*, 4 Wend. 639; *Moore* v. *Erie R. Co.*, 7 Lans. 39, 43; *Crossman* v. *Harrison*, 4 Robt. 38, 41; *McLewee* v. *Hall*, 103 N. Y. 639.) In considering this testimony under another point, the learned counsel for the respondent contends that it is questionable whether the learned counsel for the appellant fortified himself sufficiently upon the record so as to present the ruling upon this appeal. The first question that, when in effect repeated, led to these answers was objected to, and an exception was taken. A motion was then made to strike

out the answer, and exception was taken to the denial of that motion. I think that the defendant was not required to repeat his objection and his motion with reference to the final question and the final answer respectively in the teeth of the former rulings of the learned trial justice. (*Sherman* v. *D., L. & W. R. R. Co.*, 106 N. Y. 542, 547.) The court charged the request with evident reluctance and misgivings, warning the plaintiff of the peril.

The judgment must be reversed and a new trial must be ordered.

All concurred.

Judgment and order reversed and new trial granted, costs to abide the event.