## WILSON v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department. December 14, 1900.)

**1. Evidence—Instructions to Jury.**

Plaintiff, a passenger on defendant's car, while stepping from the plat-
form to the metal doorsill, received an electric shock that paralyzed him.
Defendant's conductor testified that another passenger claimed to have
received a shock on the car a short time before it reached a ferry, which
was just prior to the time plaintiff got on, and that he reported the car as
defective to the inspector at the ferry. *Held*, in an action for damages,
that the evidence was hearsay.

**2. Trial—Objections to Evidence.**

In an action for injuries against a street-railway company, defendant's
conductor was asked what report he made to the inspector as to the con-
dition of the car that caused the injuries. The question was objected to,
and, the objection being overruled, exception taken. A motion was then
made to strike out the answer and exception taken to the denial of that
motion. *Held*, the evidence having been duly objected to, a new objection
to a substantial repetition of the question was unnecessary.

Appeal from trial term, Kings county.

Action by Thomas P. Wilson against the Nassau Electric Railroad
Company. From a judgment in favor of plaintiff and an order deny-
ing a motion for a new trial, plaintiff appeals. Reversed.

John L. Wells, for appellant.

Thomas E. Pearsall, for respondent.

JENKS, J. This judgment for plaintiff must be reversed for an
erroneous charge. The action is brought to recover damages for
personal injuries suffered through the negligence of the defendant.
The plaintiff complained that he was a passenger on the car of the
defendant, and that while stepping from the platform to the metal
doorsill of the car he received an electric shock that paralyzed him.
It is not claimed that the car was out of order. The car was con-
structed of wood and metal. It was propelled by electricity. It
was wet, and its platform was wet and slushy, for the day was rainy,
and snow was on the ground; and the accident was due to the fact
that the plaintiff, who had been wet by the rain, completed a circuit
for the electric flow. This is the explanation of the experts of the
plaintiff. Bausert did testify that, if proper insulating material
were employed, wet wood would not carry the current; that he
"believed" such material was in use, and that he had used insulat-
ing material in cars. He stated that he had worked upon these cars
three years before, and that then he had employed the latest and
most improved methods in wiring. After the main charge of the
learned court, the learned counsel for the plaintiff asked the court
to charge that, if the jury "find another passenger was shocked by
electricity on the car on the way to the ferry, and before it reached
the ferry, and that the conductor reported the car as defective to
the man in charge, the jury may take that evidence into considera-
tion in determining the condition of the car when it left the ferry."
The learned counsel for the defendant said, "There is no such claim
in the complaint." The court said: "If you want that charged, I

will charge it, and you take your chances. I will charge it, and give the defendant an exception." The learned justice practically informed the jury that there was evidence in the case on which they might find that another passenger had received a shock of electricity on this car on the day in question on the way to the ferry, and before it reached the ferry; that is, prior to the time that the plaintiff boarded this car at Marcy avenue and Walton street. If there were testimony in the case permitting an inference of such fact, then it would bear upon the negligence of the defendant. Indeed, the court so charged. And, in addition, it might, even then, aside from its legitimate bearing, tend to influence the passions and to wake the prejudice of the jury. If there were no such evidence in the case, how can it be said that the court fell into an error harmless to the defendant? The only part of the record that requires consideration is that relating to the examination of the defendant's conductor, who was called by the plaintiff, and who was asked: "State what report you made to the inspector of this railroad at the ferry as to the condition of the car." This was objected to as incompetent, immaterial, and not binding upon the company. The objection was overruled, and an exception was taken. After some preliminary questions, the learned counsel for the plaintiff asked: "Now, state what report you made to him. A. I told him that there was a passenger made a kick, and the car was out of order,—of a shock." Thereupon the defendant's counsel made a motion to strike out, which was denied under exception. Thereupon the plaintiff's counsel put this question: "State all that you said to the starter of this railroad at the ferry when you went there that day." Thereupon, the witness answered: "I told him, when I went to the ferry, there was a passenger claimed he got a shock, and the car was not fit to be on the road. * * * And when I reached Walton street, it was there that Mr. Wilson [the plaintiff] got on the car." The conductor's statement that "he told him there was a passenger made a kick, and the car was out of order,—of the shock," may well be read as equivalent to testimony that the witness had told the inspector that a passenger had made an objection or a complaint that the car was out of order, and that the complaint made by the passenger was that he (the passenger) had received a shock from the electric current. Certainly, the answer to the question, when put a second time, "I told him, when I went to the ferry, there was a passenger claimed he got a shock, and the car was not fit to be on the road," is susceptible of a similar reading; and, as so read, each piece of testimony as proof that a passenger received a shock is rank hearsay, and not evidence. And, as this is all of the testimony in the record touching the complaint, there was no evidence before the court upon which the request to charge could be founded. If this be so, here is error that requires reversal without any further scrutiny of the record. Hutchins v. Hutchins, 98 N. Y. 56, 65, 66; Willson v. Law, 112 N. Y. 536, 542, 20 N. E. 399; Rouse v. Lewis, 4 Abb. Dec. 121, 122; Hollister v. Johnson, 4 Wend. 639; Moore v. Railway Co., 7 Lans. 39, 43; Crossman v. Harrison, 4 Rob. 38, 41; McLewee v. Hall, 103 N. Y. 639, 8 N. E. 486. In considering this

testimony under another point, the learned counsel for the respondent contends that it is questionable whether the learned counsel for the appellant fortified himself sufficiently upon the record so as to present the ruling upon this appeal. The first question that, when, in effect, repeated, led to these answers, was objected to, and an exception was taken. A motion was then made to strike out the answer, and exception was taken to the denial of that motion. I think that the defendant was not required to repeat his objection and his motion with reference to the final question and the final answer, respectively, in the teeth of the former rulings of the learned trial justice. Sherman v. Railroad Co., 106 N. Y. 542, 547, 13 N. E. 616. The court charged the request with evident reluctance and misgivings, warning the plaintiff of the peril. The judgment must be reversed, and a new trial must be ordered.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.