### HIRSCH v. AMERICAN DISTRICT TELEGRAPH CO.

(Supreme Court, Appellate Term. November 10, 1904.)

1. ACTION ON CONTRACT—PROOF—SUFFICIENCY.

A complaint alleging a breach of contract whereby a messenger company agreed to transport and deliver for plaintiff's assignor a package of money is not supported by proof showing that the package was intrusted by plaintiff's assignor to a messenger furnished by defendant, that the messenger absconded, that the contract made by defendant was to furnish a messenger whose services plaintiff's assignor was to have the privilege of using when he saw fit at a fixed rate per hour, he himself selecting the messenger and giving the package to the messenger selected.

2. TRIAL—DIRECTING VERDICT.

In directing a verdict the trial court is bound to consider the evidence in the aspect most favorable to the party against whom the verdict is directed.

Appeal from Trial Term, New York County.

Action by Morris J. Hirsch against the American District Telegraph Company. From a judgment for plaintiff and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

George H. Fearons, Albert T. Benedict, and Francis Raymond Stark, for appellant.

Herbert H. Maass and Charles Grossman, for respondent.

FREEDMAN, P. J. The direction of a verdict for the plaintiff cannot be sustained. In form the action was brought on a contract alleged to have been made by the defendant with one Jantzen, the plaintiff's assignor, whereby defendant agreed to transport and deliver for said Jantzen a package or envelope containing $500 in money to the Rutherford National Bank at Rutherford, N. J. At

¶ 2. See Trial, vol. 46, Cent. Dig. § 402.

the trial it was shown that the package or envelope containing the money was intrusted by Jantzen to a messenger furnished by defendant, and that the messenger absconded with the money, but the proof did not establish the contract sued upon, but only a contract made by defendant with Jantzen to furnish him with a messenger whose services Jantzen was to have the privilege of using as long as he saw fit, and in whatever way he saw fit, for which services Jantzen was to pay at a fixed rate per hour. It was also clearly shown that Jantzen himself selected the messenger from among a number on hand in defendant's office, and himself gave him the package, with instructions what to do with it. In directing a verdict the trial judge was bound to consider the evidence in the aspect most favorable to the defendant, and under the operation of this rule the evidence showed no more than I have stated. It was therefore error to direct a verdict for the plaintiff. The liability of the defendant in a case of this kind has been so fully discussed in Sanford v. American District Telegraph Co., 13 Misc. 88, 34 N. Y. Supp. 144, that further discussion here is unnecessary.

The judgment and order should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.