(48 Misc. Rep. 372.)

## GILMAN v. POSTAL TELEGRAPH CO.

(Supreme Court, Appellate Term.   October 27, 1905.)

**1. CARRIERS—MESSENGER COMPANIES—MONEY.**

Where a messenger company had installed call boxes in houses, and was engaged in the carriage of small hand packages by means of messenger boys sent in response to calls, for hire, it was not liable as a common carrier for the safe transportation of a package containing money intrusted to a messenger sent in response to a call, without notice that the package to be carried contained money.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, §§ 462–469.]

**2. SAME—CHARACTER OF CONTENTS—CONCEALMENT.**

Where plaintiff, before delivering a package of bank bills to a messenger sent by defendant messenger company in response to a call for transportation, so wrapped the bills in a newspaper as to conceal the character of the package and to create an impression that it was comparatively valueless, and notified neither the messenger company nor the messenger sent to receive it that the package was valuable, she could not recover for its loss.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, §§ 497–500.]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Deborah Gilman against the Postal Telegraph Company. From a Municipal Court judgment in favor of defendant, plaintiff appeals.   Affirmed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.

Wentworth, Lowenstein & Stern (Louis Lowenstein and Albert J. Elrod, of counsel), for appellant.

Thomas B. Jones (William W. Cook, of counsel), for respondent.

SCOTT, P. J.   In this action the plaintiff seeks to hold the defendant liable as a common carrier for the loss of a sum of money intrusted to a messenger boy in defendant's employ.   The plaintiff relies in the main upon Sandford v. American Dist. Tel. Co., 13 Misc. Rep. 88, 34 N. Y. Supp. 144.   In that case, although judgment went for the defendant on the ground of a variance between the pleadings and the proof, the learned justice who wrote for the court expressed the opinion that, in a proper form of action and under the facts as they were proven, the defendant would have been held liable as a common carrier; and this view of the responsibilities of so-called messenger companies appears to have been generally accepted in other jurisdictions.   In general this liability is found to attach because such companies hold themselves

out as ready to conduct the business of carrying parcels, as well as letters or messages, and thus induce the public to intrust the carriage of such parcels to them.   In the present case, if the defendant is to be held at all as a common carrier, it can only be because it has offered its service and held itself out as such, because there is no evidence whether or not such business is covered by its charter, and its title would seem to indicate that it was organized as a telegraph company, and not as a messenger company.   It is in evidence, however, that it installs call boxes in houses, and sends messenger boys, in response to calls, to carry out such errands as may be intrusted to them, and that this service frequently involves, to the knowledge of the company, the carrying of parcels.   So far as appears, this service is confined to the carrying of such small parcels as can be carried by hand by a lad, and it does not appear that the defendant is equipped or prepared to carry more bulky merchandise.   To the extent, then, that it offers its services to the public as a carrier—that is, so far as relates to small packages—the defendant must, I think, be regarded as a common carrier and held to be responsible in that capacity.

The parcel intrusted to defendant's messenger in this case was a small one, in general appearance such as could easily be carried by hand, even by a small boy.   It is said to have contained a considerable sum of money in bills, and it is for the amount of this money that this action is brought.   No notice was given to defendant, through its messenger or otherwise, that the package contained money, and no special contract was made as to its carriage.   The defendant's liability, therefore, must be made to rest, if it is to attach at all, upon its general responsibility as a common carrier.   It seems to be the better opinion, sustained by a considerable weight of authority, that there is no presumption that an ordinary carrier assumes to act as a common carrier in respect to the transportation of money, and that the assumption of such liability by the carrier must be proven by the person seeking to hold him responsible.   It was so held in this state in Sewall v. Allen, 6 Wend. 335, and the rule has been approved and applied in numerous other jurisdictions in this country.   See cases cited in Am. & Eng. Ency. of Law (2d Ed.) vol. 6, p. 258.   Of course, where definite notice is given to the carrier that money is to be carried, and a messenger is selected and furnished with especial reference to the attendant risk, as did appear in another case submitted at the present term (Hirsch v. American Dist. Telegraph Co., 95 N. Y. Supp. 562), a special contract to carry the money and be responsible for it will be assumed; but no such fact appears in the present case, which is not, therefore, taken out of the general rule laid down in Sewall v. Allen, supra.

For yet another reason the plaintiff should not have recovered a judgment in this action.   Not only was no express notice given to defendant that money was to be intrusted to its messenger, but the sender, plaintiff's servant and agent, so made up the parcel that it offered no suggestion that it contained bank bills or anything else of exceptional or considerable value, but, on the contrary, appeared to be comparatively valueless.   She wrapped the bills up three or four times in a newspaper, perhaps with the very intention that the messenger should

not appreciate the nature and value of the package. This, however, was not dealing fairly by the defendant; for, if it was the intention to rely upon the defendant's responsibility, no method or device should have been resorted to with a view to concealing the nature and extent of the responsibility sought to be imposed upon it. As was said by Judge Story:

"It is the duty of every person sending goods by carrier to make use of no fraud or artifice to deceive him, whereby his risk is increased or his care and diligence may be lessened. And if there is any such fraud or unfair concealment, it will exempt the carrier from responsibility under the contract." Story on Bailments (9th Ed.) § 565.

See Humphreys v. Perry, 148 U. S. 627, 13 Sup. Ct. 711, 37 L. Ed. 587; Wunsch v. N. P. R. R. Co. (C. C.) 62 Fed. 878; Richards v. Westcott, 2 Bosw. 589, affirmed 7 Bosw. 6.

In accordance with this principle it was held, in Hayes v. Wells, Fargo & Co., 23 Cal. 185, 83 Am. Dec. 89, that common carriers of letters inclosed in envelopes were not liable for articles of special value contained in such letters, unless informed, at the time of the receipt of the letter, of the value of its contents. With reference to this rule it was well said in White v. Postal Tel. Co., 33 Wash. Law Rep. 295:

"This seems to us a salutory rule, as applied to these so-called messenger companies. They employ lads, and, when valuables are to be transported, it is but fair that the employer should be informed of the nature of the service required, so that it may select one of tried integrity. The boy, also, in fairness, should be notified, so that he may exercise the necessary care."

The judgment must be affirmed, with costs. All concur.