The decision of this appeal is controlled by *Page 629 
the case of Waldele v. N.Y.C. H.R.R.R. Co. (95 N.Y. 374), in which it was held, after much discussion, that the declarations of a person who had been fatally injured upon a railroad, made after he had sustained the injuries, explaining the manner in which the accident had happened, were not competent evidence in favor of his administratrix, in an action brought by her against the railroad company for causing his death by negligence.
The plaintiff was allowed to prove in the present case, under objection and exception, that after the deceased had been taken out from under the car by which he had been injured, and while he was being conveyed to the switch-house by his fellow-employes, some one asked him how the accident had happened, and he said, "I pulled the pin and made a grab for the car, and there was nothing there for me to grab." Another version given by the witness was that deceased said he cut off the car, and made a grab for the handle of the car, and there was nothing there for him.
The deceased was an employe of the defendant, and the sole ground upon which the plaintiff's claim to recover was founded was that the car which he was directed to detach from the train was not furnished with a horizontal grab-handle on its end, and that that alleged defect was the cause of the injury. The testimony thus erroneously admitted, therefore, tended to sustain the vital point of the plaintiff's case. The learned counsel for the respondent seeks to avoid the effect of the erroneous admission of this testimony by claiming that it did no harm, but we think that position cannot be maintained. Whether the car on which the deceased attempted to climb after he had cut it off was or was not furnished with a grab-handle, and whether or not he met his death in the manner in which the witness testified that he said he did, were contested questions of fact which were submitted to the jury, and the evidence of his declarations very soon after the accident must have had weight with them in determining those questions.
It is further contended that the defendant is precluded from insisting upon this exception, by having itself inquired into *Page 630 
the declarations of the deceased on the occasion referred to. One witness testified that he attributed the blame to one of his fellow-workmen, and another that when asked how he came to fall, he answered that he did not know. All this testimony was taken after the declarations of the deceased, while being taken to the switch-house, had been admitted notwithstanding the defendant's objection and exception, and was introduced by way of contradiction of the witness Malone, who had given the objectionable testimony. The defendant did not waive his objection and exception by attempting to disprove the matters testified to, or to prove facts inconsistent with them. A party excepting to the admission of testimony is not bound to concede its truth, or to refrain from combating it, in order to retain his exception.
There are numerous other exceptions in the case worthy of attention, but as they may not arise on another trial, it is needless to pass upon them now.
For the error pointed out the judgment should be reversed and a new trial ordered, costs to abide the event.
All concur.
Judgment reversed.