The plaintiff brought this action to recover damages alleged to have been sustained by him through the negligence of defendant's servants. He was a passenger on one of the defendant's trains and was going, in September, 1882, from Hoboken to Murray Hill station. He took the train at 5.20, and was approaching his destination about 6.40. The plaintiff says he heard a whistle which he supposed was meant for his station and got up from the seat in which he was sitting and walked to the other end of the car to get some of his baggage, which, having done, he was returning to his former seat, when, in passing along the aisle, he tripped and fell over a board stretching across it from under one seat to the one immediately opposite, which board had been placed there by a brakeman in order to reach and light one of the lamps in the car. The plaintiff says that he was badly hurt, and he claims to recover his damages from the company, based upon the alleged negligence of the brakeman in leaving the board there while he went to the end of the car to attend to some duty consequent upon the approach of the train to the station. It was getting rather dark in the car at the time of the accident, and the board was raised from the floor about fifteen inches, and the plaintiff, while proceeding, as he says, with ordinary care, failed to see the board, which was so securely fastened in its place as not to yield, and it thus *Page 546 
caused the accident. There was a dispute as to the time when the board was placed there by the brakeman; the plaintiff alleging it was between the time he passed down the aisle for his baggage and his return to his seat, while the brakeman alleged that he was standing, or just preparing to stand, on the board when the plaintiff came up and asked him to let him pass, which he did, and in doing so cautioned him to be careful about or to look out for the board. After the brakeman had given this testimony on his direct-examination, the plaintiff's counsel asked him what conversation he had with the plaintiff on that day while on the train to Murray Hill station. This was objected to by defendant's counsel as incompetent and immaterial, which, being overruled, he excepted, and the witness answered that he had none — not a word. He was again asked if he did not state to the plaintiff that he had forgotten to move or slide back to its place the board on which he had stood, and that it was his fault, that he was careless. This was also objected to, the objection overruled, and the defendant's counsel excepted. The witness then answered and denied that he had stated any such thing. The plaintiff was subsequently recalled and asked by his counsel if he had any conversation with the brakeman in relation to the accident on the day it occurred, and he answered that he had, and under objection and exception by defendant's counsel he stated the brakeman asked him if he was much hurt, and he answered that he was badly hurt and suffering great pain. The court then asked him to repeat the conversation, which he did, and added what he had not stated in answer to his counsel, that the brakeman said, "it is my fault the board being left there."
It is perfectly evident that the conversation about which the brakeman was interrogated on his cross-examination was a conversation after the accident had happened and was aimed at drawing out a statement from the witness as to how the accident had occurred or what caused it, and whose fault it was. That evidence was plainly inadmissible against the defendant. It was no part of the res gestæ, but was calling simply for a *Page 547 
narrative of the cause of a past occurrence. The authorities are numerous and it is not necessary to cite them. The evidence being in its nature inadmissible, the plaintiff could not obtain the benefit of it by cross-examining the brakeman in regard to it, and, upon his denying it, seek to prove it by another witness under the guise of contradicting the brakeman. The objection to the question was well taken when the plaintiff asked it on cross-examination, but the question being admitted under defendant's objection, and the witness denying that he ever said it, the plaintiff was bound by his answer and had no right to contradict him by other evidence. There was nothing in the evidence of the alleged conversation sworn to by the plaintiff, which legitimately tended to impeach or contradict the evidence given by the brakeman on his direct examination, which was proper as detailing a part of the occurrence.
It is urged, however, that the addition made by the plaintiff in his answer to the court, by stating that the brakeman said it was his fault, did not come in under defendant's objection, and that no motion to strike it out being made there is no valid exception. This is not tenable. The evidence of the conversation, whatever it was, was duly objected to, and the court simply required the witness to repeat it. It was quite unnecessary to again repeat the objection. The court had already ruled that the conversation was proper, and when the witness, in again answering, made an additional statement, it came in under the objection and exception already taken.
It is also said that the evidence in the case is so plain as to the happening and the cause of the accident, that the testimony under consideration could not have possibly harmed the defendant. This we cannot clearly see. The case may have been fully proved, and yet the responsibility of defendant therefor not necessarily follow. This evidence was an admission of the brakeman that it was his fault that the board was left there, and we cannot say that the jury did not take such statement as an admission of its negligence by the company.
A verdict for the plaintiff having been rendered, and there being in the case evidence which was incompetent, and *Page 548 
which we cannot say may not have influenced (and which probably did influence) the jury, we have no alternative, but must reverse the judgment and grant a new trial, with costs to abide the event.
All concur.
Judgment reversed.