WILLIAM H. WOODS, Respondent, *v.* BUFFALO RAILWAY COMPANY, Appellant.

*Railroad — action by a passenger ejected from a car upon the ground that his transfer ticket was no longer good — evidence that a third person told the conductor that the plaintiff had taken the first passing car — what is not a waiver of the objection thereto.*

In an action by a person who had been ejected from one of the defendant's cars, upon the ground that the time within which the transfer ticket, which he tendered for passage, was good as indicated on its face, had expired, to recover damages for the alleged illegal ejection, it is improper to permit the plaintiff to testify that a man sitting in the car told the conductor and motorman that they had no right to eject the plaintiff from the car; that the man said that he saw the plaintiff get off another street car and take the first passing car, which was the car in question ; the statement thus testified to having been made previous to the affray, which resulted in the plaintiff being ejected from the car.

The defendant did not waive its objection to the admission of such evidence by showing that no such statement was made by a man sitting or standing near the plaintiff.

APPEAL by the defendant, the Buffalo Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 6th day of January, 1898, upon the verdict of a jury, and also from an order entered in said clerk's office on the 6th day of January, 1898, denying the defendant's motion for a new trial made upon the minutes.

*Porter Norton,* for the appellant.

*William B. Hoyt,* for the respondent.

FOLLETT, J. :

This action was begun January 30, 1897, to recover damages for a personal injury alleged to have been inflicted October 7, 1896, by the defendant's employees in ejecting the plaintiff from one of the defendant's cars for refusing to pay his fare. The plaintiff on entering the car presented a transfer ticket, which the conductor refused, on the ground that the time within which it was good, as indicated on its face, had expired. A controversy arose between the plaintiff and the conductor of the car over the question as to whether his transfer was late, and it resulted in the ejection of the plaintiff. The plaintiff was permitted to testify that a man sitting on the right side of the car told the conductor and motorman that they had no right to eject him from the car or put hands on him ; that the man said that he saw the plaintiff get off the Niagara street car and take the Elk street car (on which the plaintiff was riding), and that he advised the conductor and motorman that they were taking the law in their own hands, and that it was not just. This evidence was objected to as incompetent, as hearsay, and that the witness should be produced. The objection was overruled and the defendant excepted. After the evidence was taken the defendant moved to strike it out, which motion was denied, and the defendant excepted. By this ruling the plaintiff was allowed to show that this man stated that he saw the plaintiff get off the Niagara street car, on which the transfer was given, and take the Elk street car ; and more, the plaintiff was allowed to show that, in the opinion of this man, who claimed to know the facts, the conductor had no right to refuse to honor the transfer. This was clearly error, and one well calculated to prejudice the defendant's case before the jury. The declaration of this

unknown man was not confined to what occurred at the time of the affray, but it related to a previous occurrence. It was to the effect that he saw the plaintiff leave the Niagara street car and take a few minutes later the first Elk street car. Whether the plaintiff did take the first passing car was the principal question in issue. This declaration in respect to a past fact was not so connected with the transaction as to form part of the *res gestœ.*

Undoubtedly it was competent to prove that the plaintiff told the conductor at the time that he took the first passing car after receiving his transfer, and if a witness had been produced who knew that fact it would have been competent for him to testify that he told the conductor that the plaintiff took the first passing car after receiving his transfer. This would have been competent as tending to show that the plaintiff was acting within his right, and for the purpose of showing that the defendant's agent had notice that the plaintiff claimed to be acting within his right. But this falls far short of rendering it competent for the plaintiff to testify that an unknown person standing by told the conductor that the plaintiff took the first passing car, which related to a past transaction. The declaration of this man, that the plaintiff took the first passing car after the transfer was given, was not the best evidence, but was mere hearsay, and wholly incompetent. (*Waldele* v. *N. Y. C. & H. R. R. R. Co.,* 95 N. Y. 274; *Detroit & Milwaukee R. R. Co.* v. *Van Steinburg,* 17 Mich. 99; Steph. Dig. Ev. [Chase's 2d ed.] art. 3, and cases cited. This was not a statement of a third person characterizing an act occurring at the time, but was a statement of an alleged past fact.

The defendant did not waive its objection to this incompetent evidence by showing that no such statement was made by a man sitting or standing near the plaintiff. (*Martin* v. *N. Y., N. H. & H. R. R. Co.,* 103 N. Y. 626.)

The judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concurred.

Judgment and order reversed and a new trial ordered, with costs to the appellant to abide the event.