## WOODS v. BUFFALO RY. CO.

(Supreme Court, Appellate Division, Fourth Department. December 9, 1898.)

1. EVIDENCE—STREET RAILROADS—EJECTION FROM CARS—RES GESTÆ.
   In an action for damages for ejection from a street car because plaintiff's transfer check had expired, evidence of statements by a third person to defendant's conductor, that he had seen plaintiff get off one car and onto the next one, is inadmissible as part of the res gestæ.

2. SAME—HEARSAY.
   It is also inadmissible because it is hearsay.

3. TRIAL—OBJECTIONS TO EVIDENCE—WAIVER.
   A party does not waive objections to the admission of evidence by endeavoring to rebut it.

Appeal from trial term.

Action by William H. Woods against the Buffalo Railway Company. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, and WARD, JJ.

Porter Norton, for appellant.
William B. Hoyt, for respondent.

FOLLETT, J.   This action was begun January 30, 1897, to recover damages for a personal injury alleged to have been inflicted October 7, 1896, by the defendant's employés, in ejecting the plaintiff from one of the defendant's cars for refusing to pay his fare.   The plaintiff, on entering the car, presented a transfer ticket, which the conductor refused on the ground that the time within which it was good, as indicated on its face, had expired.   A controversy arose between the plaintiff and the conductor of the car over the question as to whether his transfer was late, and it resulted in the ejection of the plaintiff. The plaintiff was permitted to testify that a man sitting on the right side of the car told the conductor and motorman that they had no right to eject him from the car or put hands on him; that the man said that he saw the plaintiff get off the Niagara street car and take the Elk street car (on which the plaintiff was riding); and that he advised the conductor and motorman that they were taking the law in their own hands, and that it was not just.   This evidence was objected to as incompetent, as hearsay, and that the witness should be produced.   The objection was overruled, and the defendant excepted. After the evidence was taken, the defendant moved to strike it out, which motion was denied, and the defendant excepted.   By this ruling the plaintiff was allowed to show that this man stated that he saw the plaintiff get off the Niagara street car, on which the transfer was given, and take the Elk street car; and, more, the plaintiff was allowed to show that in the opinion of this man, who claimed to know the facts, the conductor had no right to refuse to honor the transfer.   This was clearly error, and one well calculated to prejudice the defendant's case before the jury.   The declaration of this unknown man was not confined to what occurred at the time of the affray, but it related to a previous occurrence.   It was to the effect that he saw the plaintiff leave the Niagara street car, and take, a few minutes later, the first Elk street car.   Whether the plaintiff did take the first passing car was the principal question in issue.   This declaration in respect to a past fact was not so connected with the transaction as to form part of the res gestæ.   Undoubtedly, it was competent to prove that the plaintiff told the conductor at the time that he took the first passing car after receiving his transfer; and, if a witness had been produced who knew that fact, it would have been competent for him to testify that he told the conductor that the plaintiff took the first passing car after receiving his transfer.   This would have been competent, as tending to show that the plaintiff was acting within his right, and for the purpose of showing that the defendant's agent had notice that the plaintiff claimed to be acting within his right.   But this falls far short of rendering it competent for the plaintiff to testify that an unknown person standing by told the conductor that the plaintiff took the first passing car, which related to a past transaction.   The declaration of this man that the plaintiff

took the first passing car after the transfer was given was not the best evidence, but was mere hearsay, and wholly incompetent. Waldele v. Railroad Co., 95 N. Y. 274; Railroad Co. v. Van Steinburg, 17 Mich. 99; Steph. Dig. Ev. (Chase's 2d Ed.) art. 3, and cases cited. This was not a statement of a third person characterizing an act occurring at the time, but was a statement of an alleged past fact. The defendant did not waive his objection to this incompetent evidence by showing that no such statement was made by a man sitting or standing near the plaintiff. Martin v. Railroad Co., 103 N. Y. 626, 9 N. E. 505.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.