(89 App. Div. 418.)

## MIDDLEWORTH v. LOWERY.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

**1. CONTRACTS—DAMAGES—PLEADING—EVIDENCE.**
Where, in an action for breach of a contract to convey land, the only damages alleged were the difference in value between the contract price and the price at which plaintiff had contracted to resell the land to another and the amount paid by plaintiff on account of the purchase, evidence as to the value of the property contracted to be conveyed was inadmissible for the purpose of proving general damages.

**2. SAME.**
Where the only damage alleged in an action for breach of a contract for the sale of land was plaintiff's loss under a contract to resell the property to another, the fact that, on the trial, plaintiff did not prove such contract did not entitle him to introduce proof of general damages, or preclude the defendant from insisting that the proof should be limited to the damages pleaded.

Appeal from Special Term, Queens County.

Action by Henry V. Middleworth against Woodbury Lowery. From a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial, he appeals. Reversed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Frank E. Blackwell, for appellant.

William H. Cochran, for respondent.

JENKS, J.   This is an action for breach of contract for the conveyance of realty.   The plaintiff complains that, at or about the time the contract was entered into, he had made an agreement in writing with a crematory company for its purchase of the premises for $16,-000, "a copy of which agreement is hereunto annexed, marked 'B,' and made a part of this complaint."   The seventh allegation of the complaint is as follows:

"That, by reason of the defendant's refusal to convey the said premises to plaintiff as aforesaid, plaintiff was unable to fulfill or perform on his part the agreement with the said crematory company, referred to in paragraph 6 hereof, which agreement the said crematory company was ready, able, and willing to perform on its part at the time and place mentioned in said agreement, and that plaintiff thereby lost the benefit and goodness of his said several bargains with defendant and with said crematory company, to his damage forty-five hundred dollars ($4,500).   Wherefore plaintiff demands judgment against said defendant for the sum of five thousand dollars, with interest on forty-five hundred dollars thereof from March 11, 1901, besides the costs and disbursements of this action."

I think that the fair construction of the pleadings is that the plaintiff prayed to recover only the damages arising from his inabilty to perform his contract with the crematory company.   This is evident from the language "and that plaintiff thereby lost the benefit and goodness of his said several bargains with the defendant and with said crematory company, to his damage $4,500."   This sum represents the difference between the contract price agreed upon by the plaintiff and the crematory company.   The $5,000 finally prayed for represents that difference, plus the $500 which the plaintiff alleges was paid on account to the defendant.   It is not necessary to consider that part of the claim upon the present appeal.

The plaintiff called Mr. Johnson as an expert, and asked him whether he knew the value of the property in suit.   Objection was made, as there was no allegation of general damage in the case. This was overruled under exception.   The witness was then asked: "What was the value of that plot on or about the 25th day of February, 1901?"   This was objected to on the ground "that no allegation of general damage or damage of any kind has been made in the complaint; that this question does not relate to the allegation of special damage, and special damage is insufficiently alleged in the complaint." The learned court ruled:   "It will not be received as proof of special damage.   But I will receive it otherwise."   Exception was then taken. I think that this ruling was erroneous.   If the plaintiff, by his pleading, was confined to the damages flowing out of the difference between his contract price with the defendant and his contract price with the crematory company, the market price of the realty was neither relevant nor material.   I think that he thus limited his possible recovery in that action.   Joyce on Damages, § 1294, and authorities cited; Sutherland on Damages, 417.   The fact that the de-

fendant afterwards called experts to contradict the witness as to the value was not a waiver of his objection to the evidence. Martin v. N. Y., N. H. & H. R. Co., 103 N. Y. 626, 9 N. E. 505. The learned counsel for the respondent insists that this point is not available, inasmuch as the contract referred to was not read in evidence or proved, and was not the subject of any evidence. But the contract was pleaded, and the claim for damages was expressly and exclusively based upon its existence. The defendant had the right to limit the proof of damages to those pleaded. If the plaintiff chose to abandon his pleading, that cannot defeat the right of the defendant to hold him to it. So long as the defendant took his specific objection and stood upon it, he cannot be said to have elected with the plaintiff to depart from the issues or to have waived his objection because he did not strive against the drift of the trial that followed after the ruling of the learned court.

The judgment and order should be reversed, and a new trial granted; costs to abide the final award of costs. All concur.

---

(89 App. Div. 359.)

### BINNS v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1. STREET RAILWAYS—PERSONAL INJURY—CROSSINGS—FAILURE TO LOOK.

    A street car which plaintiff desired to board having started as he arrived at the corner, the conductor called to him to come on across the street; and while following in the rear of the car, and almost abreast of it, he was struck by a car running at a high rate of speed on an intersecting line. Plaintiff did not testify that he looked for the car on such intersecting line before stepping on the track, but stated that he could not see such car until it struck him, because his view was obstructed by the car he was following. Held, that it could not be said, as a matter of law, that he was guilty of contributory negligence, and that the question was for the jury.

Appeal from Municipal Court of New York.

