### HALL v. UVALDE ASPHALT PAVING CO.

(Supreme Court, Appellate Term. February 16, 1905.)

1. EVIDENCE—RES GESTÆ—STATEMENTS AFTER ACCIDENT.

A conversation between an engineer of a steam roller and a flagman, held a few minutes after an accident, in which the former said to the latter, "Where were you at the time this occurred?" was not part of the res gestæ, nor binding upon the employer of the engineer and flagman.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, §§ 331, 365, 372–374.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by William H. Hall against the Uvalde Asphalt Paving Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before SCOTT, MacLEAN, and DAVIS, JJ.

M. S. & I. S. Isaacs, for appellant.
John C. Coleman, for respondent.

DAVIS, J. The action was brought to recover damages for the loss of a horse alleged to have been injured by the negligence of defendant's servant in charge of a steam roller. Evidence was introduced at the trial tending to show that the injuries were so se-

rious as to require the killing of the horse. In May, 1904, the plaintiff's horse and wagon were in Twenty-Ninth street, between Sixth and Seventh avenues, in charge of a driver and a helper. They were vending flowers. At the time of the occurrence they were standing on the north side of Twenty-Ninth street, near the curb, the horse facing east. One of the men stood about two feet away from the horse's head. The defendant's steam roller, in charge of an engineer, came from Sixth avenue through Twenty-Ninth street, and, when within about two feet of the horse, the horse gave a sudden jump, and in some way the roller tore off his hoof, and the horse was shot soon after.

A great amount of testimony was taken at the trial, including testimony as to a conversation between the engineer of the steam roller and the defendant's flagman, held a few minutes after the accident. The witnesses Bulkley and Harvey were allowed to testify, under objection and exception, that about two minutes afterwards the engineer said to the flagman, "Where were you at the time this occurred?" They also said that the flagman came quickly from the south side of the way. Without this testimony, there is grave doubt that the jury would have found for the plaintiff. It must have had great weight with the jury, and, as the testimony was inadmissible, under the authorities, the judgment should be reversed. Statements made by the engineer after the accident in no way bind his employer. They are not part of the res gestæ. Luby v. R. Co., 17 N. Y. 131; Waldele v. Railroad Co., 95 N. Y. 274, 47 Am. Rep. 41; Martin v. R. Co., 103 N. Y. 626, 9 N. E. 505; Sherman v. R. Co., 106 N. Y. 542, 13 N. E. 616. The question asked by the engineer must have impressed the jury with the belief that the accident was due, in a measure, to the absence of the flagman, and that the engineer took that view of it.

Judgment reversed and new trial granted, with costs to the appellant to abide the event.

SCOTT, J., concurs. MacLEAN, J., concurs in the result.