JOHN JANKOWSKI, Respondent, *v.* BORDEN'S CONDENSED MILK COMPANY, Appellant, Impleaded with HEINS EXPRESS COMPANY, Defendant.

Second Department, January 12, 1917.

Evidence — negligence — action for injury to property resulting from collision with defendant's wagon — res gestæ — admissibility of testimony by plaintiff as to statement of defendant's driver, that accident was his fault.

In an action for injury to plaintiff's property resulting from a collision with the defendant's wagon, it was reversible error to permit the plaintiff to testify that the driver of the defendant's wagon at some interval after the accident stated that it was his fault, where it appeared that the statement was not exclamatory, but in confession, and that it did not qualify the thing done but was in explanation of his accountability.

PUTNAM and CARR, JJ., dissented, with opinion.

APPEAL by the defendant, Borden's Condensed Milk Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Nassau on the 9th day of June, 1916, upon the verdict of a jury for $352, and also from an order entered in said clerk's office on the 14th day of June, 1916, denying said defendant's motion for a new trial made upon the minutes.

*F. Herbert Wadsworth* [*Thomas M. Rowlette* with him on the brief], for the appellant.

*Lincoln B. Haskin,* for the respondent.

PER CURIAM:

In this action to recover for injury to property received in collision with appellant's wagon, the following evidence was received upon the direct examination of the plaintiff: "Q. Did you have any conversation with the driver of the Borden's milk wagon?" and answered, "Yes, sir. * * * Q. When did you have this talk with Borden's man? A. Right after he killed the horse. Q. How long after the shaft struck the horse, was it? A. Right away. Q. Can you say about how many minutes? A. In about three or four. Q. Three or four minutes? A. Yes. Q. As soon as you got off the wagon he

got off? A. Yes, sir. * * * Q. What did he say to you? A. He said that it was his fault. * * * Q. Is that all he said? A. That is all he said. That is all I spoke to him about." Later the witness was cross-examined as to his actions after the accident, whereby it appears that his horse had fallen; that he devoted himself to helping the horse to his feet; that his sole attention was taken with that; that he sent a stableman to telephone for a doctor. He testified: "Q. And the first man you talked to was this stableman you sent to telephone? A. Yes, sir." It thus appears that if, as plaintiff testified, he had a conversation with the driver, it must have been at some interval after the accident. The words said to have been used by the driver were not exclamatory, but in confession; not accompanying the act, but spoken in a subsequent conversation; not an outcry qualifying the thing done, but in explanation and in accountability. The testimony is condemned by *Sherman* v. *D., L. & W. R. R. Co.* (106 N. Y. 542), and the judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event.

JENKS, P. J., THOMAS and STAPLETON, JJ., concurred; PUTNAM, J., read for affirmance, with whom CARR, J., concurred.

PUTNAM, J. (dissenting):

Plaintiff's horse was killed by the fault of both defendants. The Heins Express Company has not appealed. Borden's Condensed Milk Company does not attempt to contest the merits. Just as the shaft of the Borden wagon, swinging around, impaled plaintiff's horse, which fell, Borden's driver jumped down, exclaiming "It is my fault." It was spontaneous, thrown out in the view of the horse's death struggles. The witness first said this had been "right away" after the blow; although he followed this by saying it was "three or four minutes"— probably as inexact as most such estimates of periods of past excitement. The driver's utterance was a natural outburst of feeling, not an explanation or excuse given out after the transaction had entirely passed. It was admissible under *Scheir* v. *Quirin* (77 App. Div. 624); *Hanover R. R. Co.* v. *Coyle* (55 Penn. St. 396); Chamberlayne on Ev. (§ 1345). The

statement in *Sherman* v. *D., L. & W. R. R. Co.* (106 N. Y. 542) was apparently after the affair was over. The authorities in this State now recognize the psychological value of such spontaneous exclamations, when the mind is still controlled by the event. (*People* v. *Del Vermo*, 192 N. Y. 470, 485.) Here the remark was so natural as to exclude the idea of fabrication, within the distinction recognized in *Greener* v. *General Electric Co.* (209 N. Y. 135, 138). The learned justice here told the jury that if they found that the driver had said this, they need not find that it was his fault, since he was then excited by the accident. "He may not have been acquainted with all the circumstances. He may not have known how the wagons came together. In other words, it is purely a conclusion on the part of that driver even if he said that, and that in itself won't make the Borden's liable in this case." As the jury rendered a sensible verdict, and indeed the only proper one against both tort feasors, I cannot concur to send back the case for another trial.

CARR, J., concurred.

Judgment and order reversed and new trial granted, with costs of this appeal to appellant to abide the event.