### GRIFFITH v. UTICA & M. R. Co.

*(Supreme Court, General Term, Fourth Department.* February, 1892.)

**1. CONTRIBUTORY NEGLIGENCE—EVIDENCE—QUESTIONS OF FACT.**

In an action for personal injuries there was evidence that plaintiff, while a passenger in defendant's street-car, was obliged to stand, as all the seats in the car were occupied; that there were other persons standing in the car; that the car ran off the track, and came to a sudden stop; and that plaintiff was thrown forward, and received certain injuries from the fall, and from other passengers being thrown on her by the sudden stop. *Held*, that it could not be said as a matter of law that plaintiff was guilty of contributory negligence.

**2. SAME—INSTRUCTIONS.**

The court, in the course of the charge to the jury, observed: "I think I must charge you that the evidence establishes fairly and affirmatively in favor of the plaintiff that she was not guilty of contributory negligence;" but in leaving the question the court said: "If this be answered in the affirmative, then you come to the next question." *Held*, that the charge did not take the question of contributory negligence from the jury.

**3. MARRIED WOMEN—RIGHT TO SUE FOR PERSONAL INJURIES.**

A motion for a nonsuit in an action for personal injuries on the ground that plaintiff was a married woman, and that the cause of action was her husband's, was properly denied, as the evidence showed that her husband had left her, that she carried on business in her own name, and that she received and used her earnings for the support of herself and children.

**4. DAMAGES—EVIDENCE.**

Where plaintiff, in an action for personal injuries, had testified that for several weeks after the accident she could only attend to her business about half of the time, and was then obliged to stop, an answer to the question, "Why did you stop?" was admissible.

**5. SAME—LOSS OF PROFITS.**

In an action for personal injuries, an answer to the question, "Prior to the time of this accident, describe what was your income from your business," was admissible, where no specific ground of objection was raised.

**6. EXPERT EVIDENCE—OPINION OF PHYSICIAN.**

In an action for personal injuries, a physician, on her redirect examination, was asked: "Would people falling upon plaintiff, as she has described upon the witness stand, be sufficient to cause this shock?" The answer was: "No; I don't think it would. I think it was the jar that did it,—the falling suddenly." *Held*, that it was no error to admit the answer, as the question called for an expression of opinion concerning a matter to which the physician had referred in antecedent testimony as an expert.

**7. SAME.**

In such case, the evidence of the physician as to the appearance of plaintiff on reaching her home, and making the first examination, was admissible. *Ryan* v. *Manufacturing Co.*, (Sup.) 10 N. Y. Supp. 774, distinguished.

Appeal from circuit court, Oneida county.

Action by Jennie C. Griffith against the Utica & Mohawk Railroad Company for personal injuries. From a judgment entered on a verdict for plaintiff, and from an order denying a motion for a new trial on the minutes, defendant appeals. Affirmed.

Plaintiff was a passenger in the defendant's street-car on the 23d of August, 1888, having entered the same at the driving park in East Utica, being in the locality now known as the site for the Masonic Home, with a view of being carried along its road, which passed under the West Shore Railway Bridge. She was standing in the car, as the seats were all occupied; and a large number of persons were in the car at the time of the injury. The car lurched from the track, and struck the bridge, and came to a sudden stop, precipitating the plaintiff forward; and her right breast came in contact with

the seat, and was somewhat injured. Her knee was injured, and her ankle turned; and she suffered from other passengers being precipitated upon her back when she fell forward at the time when the car came to a sudden stop. She partially recovered from such injuries, and upon allegations of negligence of the defendant this action was brought.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*William E. Lewis,* for appellant.   *M. H. Sexton,* for respondent.

HARDIN, P. J.   When the plaintiff rested, the defendant moved for a non-suit on the grounds "(1) that no negligence on the part of the defendant, which in any way contributed to the accident, has been shown; (2) that the plaintiff has failed to show that she was free from contributory negligence which tended to produce the accident; (3) that, upon the evidence, it appears that she was guilty of contributory negligence; (4) that she is a married woman, having a husband; and the right of action or cause of action, if any, is his, and not hers."   The motion was denied, and the defendant took an exception.   At the close of the whole evidence a similar motion was made and denied.   In the course of the charge to the jury the trial judge observed: "It is only after three things are established" the question of damages can be considered.   The court further observed: "Those questions are: (1) Was the plaintiff free from negligence which contributed to the injury which she received?   (2) Was the defendant guilty of negligence which contributed to the injury which was received?   And (3) if the defendant is found guilty of negligence, was that a negligence which actually produced the injury for which the action is brought?   If those three questions are answered in the affirmative, then you come to the question of damages."   Later on in the charge he observed: "I think I must charge you, gentlemen, that the evidence establishes fairly and affirmatively in favor of the plaintiff that she was not guilty of contributory negligence in this case.   She, it is true, entered into a car, which was already full, so far as the seats were concerned; but it was a car with standing-room in it.   She was anxious to get to town, and she was not excluded by the agents of the defendant who were in charge of the car.   She went in, as it appears, and was standing in the aisle; and standing there, so far as appears here, entirely guarded, until the moment the collision occurred, when she was thrown down.   So far as that question is concerned, it must be held here that the plaintiff has affirmatively shown that she was not guilty of negligence in what she did on that occasion.   If the defendant did not desire to take more than the twenty-four persons for whom they had provided seats, they had a right to say so, and to have the persons who were in charge of the car warn away the crowd who were rushing to gain admittance; but that was not done, and that cannot now be claimed as an exemption or relief on the part of the defendant from any liability which they may otherwise have incurred.   If this be answered in the affirmative, then you come to the next question."   An exception was taken to the portion of the charge just quoted,—"to each and every part of the instruction on that subject given to the jury."

1. We are of the opinion that, when the plaintiff rested, the evidence did not warrant the court in holding as a matter of law that the plaintiff was guilty of contributory negligence.   Apparently she was standing in the aisle of the car, where other passengers were permitted to stand by the defendant, and in the usual manner of occupying the car after the seats were filled; and it is not apparent that any act of hers caused or contributed to the injuries which she received, and the circumstances warranted the inference that she was free from contributory negligence.   Again, what may be considered as a strong intimation of an opinion on the part of the trial judge in the course of his charge as to the facts surrounding the question of contributory negligence, must be taken in consideration with the antecedent portion of this charge,

and the subsequent expressions found therein, to the effect that the question is to be solved by the jury. In leaving the subject, he observed: "If these be answered in the affirmative, then you come to the next question." Apparently the question of contributory negligence was left for the jury to consider in connection with the opinion somewhat pointedly expressed by the language used in the charge. In *Massoth* v. *Canal Co.*, 64 N. Y. 524, it was said: "An exception will not lie to an expression of opinion upon a matter of fact if no binding instructions thereupon were given to the jury." *Hurlburt* v. *Hurlburt*, (N. Y. App.) 28 N. E. Rep. 651.

2. We are of the opinion that it was a question of fact for the jury to determine whether the defendant was guilty of negligence which caused the injuries received by the plaintiff. The defendant was a common carrier for hire, and owed to its passengers "the utmost foresight as to possible dangers, and the utmost prudence in guarding against them." *Bowen* v. *Railroad Co.*, 18 N. Y. 411, followed in *Deyo* v. *Railroad Co.*, 34 N. Y. 11. In the latter case it was said "that, after the *onus* had been cast upon the carriers, they are bound to show that there has been no negligence whatever, and that the damages or injury has been occasioned by inevitable casualty, or by some cause which human care and foresight could not prevent." This rule was followed in *Ganiard* v. *Railroad Co.*, (Sup.) 2 N. Y. Supp. 470; and in *Maverick* v. *Railroad Co.*, 36 N. Y. 380, the rule was asserted, and the court said: "Applying the rule to the case before us, it cannot be doubted that the jury were authorized, from the testimony adduced by the plaintiff, to find that, if the conductor had exercised such a degree of care and diligence, the injury to the plaintiff would not have occurred." Whether the defendant was guilty of negligence which caused or contributed to the injuries which the plaintiff received was a question of fact for the jury. We are therefore of the opinion that the motion for a nonsuit was properly denied on each occasion, so far as it rested upon this aspect of the case, and that the question of fact was properly submitted to the jury, and that their verdict is supported by evidence given upon the trial. In *Lehr* v. *Railroad Co.*, 118 N. Y. 556, 23 N. E. Rep. 889, it was said: "The exposure of a passenger to danger, which the exercise of a reasonable foresight would have anticipated, and due care avoided, is negligence on the part of a carrier;" and in the course of the opinion, at page 562, 118 N. Y., and page 890, 23 N. E. Rep., it is said: "The exposure of a passenger to a danger which the exercise of reasonable foresight would have anticipated, and due care avoided, is negligence on the part of a carrier. It clearly appears that the defendant undertook to carry more passengers than could sit and stand within the car, and that both platforms and their steps were filled to their utmost capacity. * * * Whether the defendant was negligent in carrying so many passengers was a question of fact for the jury." In the case before us, as in the one to which we have just referred, "the defendant made no attempt to show that persons entered on the car against the wish or protest of the conductor or driver, or that the rules of the defendant required that the car should not be overloaded, or that the conductor or driver made any attempt to prevent the car from being unduly crowded."

3. So far as the motion for a nonsuit was based upon the idea that the plaintiff could not maintain the action because she was a married woman, it was properly denied. It appeared from the evidence that her husband had left her, and that she was carrying on business in her own name, receiving and enjoying her wages for the purpose of supporting herself and her five children.

4. The plaintiff testified that prior to the injury she was "in the employment business. * * * The nature of the business was getting situations for parties, and supplying help. I did the office work, and took care of the office. * * * I was employed at this generally every day. After the ac-

cident, I did not attend to it only half a day after the first two or three days after 1 was injured, for three or four weeks,—I couldn't say how long; for two or three hours in the afternoon. I continued to do that for three or four weeks." She was then asked, "Why did you stop?" This was objected to, and the defendant took an exception. Her answer was, viz.: "Because I was unable to do so. Because I couldn't climb the stairs. I was not strong enough to go up and down stairs. I did not feel able to attend to it." We think no error was committed in receiving the evidence. The witness continued: "After the three or four weeks I have spoken of, I was not able to continue going there." Then the following question was put to her, to-wit: "Prior to the time of this accident, describe what was your income from that business?" This was objected to, and the objection was overruled, and an exception taken by defendant's counsel. Her answer was: "Anywhere from twenty to seventy-five dollars a week. It depended on the time of year. That was the income of the business. It had continued at that average not quite a year." No specific objection was made to the evidence. The court's attention was not called to the pleadings, nor upon any other ground upon which the evidence could be claimed to be inadmissible. We think the exception presents no error. *Stevens* v. *Brennan,* 79 N. Y. 259.

5. During the cross-examination of the plaintiff she was asked to state if there was a judgment against her for rent. The question was objected to, and the evidence excluded. It appeared that the rent which was referred to accrued after the injuries, and we think it was not an improper exercise of the discretion of the court to sustain the objection to the question. The witness had already stated that she paid part of the rent, and stated that she did not pay it all. It was immaterial whether a judgment had been recovered against her for the balance.

6. We think no error was committed in excluding the question put to her at folio 109 on the cross-examination, as to whether this was the first action she had brought to recover damages. At the time the question was propounded no suggestion was made to the court indicating any materiality or importance in the question.

7. We think no error was committed in sustaining the objection to the question put to Leary as to his knowledge of Jones "having been engaged quite extensively in driving horse-cars." Jones had already testified on the subject of his experience, and no testimony was brought into the case contradictory thereof.

8. We think no error was committed in allowing the witness Dr. Merrick to testify in her redirect examination in answer to the question: "Would people falling upon her, as she has described upon the witness stand, be sufficient to cause this shock?" Her answer to the question was: "No; I don't think it would. I think it was the jar that did it,—the falling suddenly." No objection was made at the time that the witness had not heard the testimony of the plaintiff upon the subject embraced in the question. *Wallace* v. *Oil Co.,* (N. Y. App.) 27 N. E. Rep. 956. The witness had been extensively examined in chief, and a very protracted cross-examination had taken place, on the subject of the plaintiff's injuries, the nature, character, and extent thereof; and it appeared that the witness was familiar with the circumstances attending the injury. The question in effect called for the express opinion as to whether "people falling upon her would cause the shock" which had been referred to in the antecedent testimony of the expert. We think the ruling was not violative of the principle laid down in *Griswold* v. *Railroad Co.,* 115 N. Y. 61, 21 N. E. Rep. 726; *Rhines* v. *Town of Royalton,* (Sup.) 15 N. Y. Supp. 944; *Stouter* v. *Railroad Co.,* 127 N. Y. 661, 27 N. E. Rep. 805.

9. We think it was not error to receive the testimony of Dr. Merrick as to the appearance of the plaintiff when she reached her home, and the doctor

first examined her. In *Hagenlocher* v. *Railroad Co.*, 99 N. Y. 137, 1 N. E. Rep. 536, it was said: "Evidence may be given that a person appeared to be in great agony, was emaciated, looked haggard and feeble; and why not that he screamed with pain. * * * So, too, the absence of such exclamations, with other appearances, may be proved as a circumstance bearing upon the question of suffering." Our attention is called to *Ryan* v. *Manufacturing Co.*, (Sup.) 10 N. Y. Supp. 774. That case differs from the one before us. The declarations there, which were questioned, were made by the mother of the injured party, not an expert, and were made "long after the accident."

10. We think no error was committed in receiving testimony tending to show how fast the car was running at the time of or preceding the accident. No objection was taken that the witness was not qualified to speak. When the witness Daniels was upon the stand he detailed the circumstances, as he understood them, attending the accident; and in the course of his cross-examination he was asked to answer the question, "If this car had been properly balanced with the load it would not have left the track, would it?" This question was objected to, and the objections were overruled, and the defendant took an exception. The witness answered: "No, sir; that is, if it had not been overloaded on the rear platform, it would not have left the track." We think there was no impropriety in allowing the witness, in cross-examination, to state the facts mentioned by him. He had had experience in operation of cars. He had stated the horses were in the center of the track, and that they were not off the track at all, and he thus contradicted other evidence to the effect that one of the horses was off the track. He had stated that, "as we were going down this grade, the tugs or traces of the horses were loose, and, as the tugs loosened up, the car teetered a little up and down; and hind end going down and the forward end up. * * * I did not see the hind platform, but I thought it was loaded heavily;" and that he thought the car was overloaded on the rear platform. We think the evidence objected to, given by this witness, was properly received in explanation of portions of the evidence, or as furnishing some test of the correctness of the statements and opinions put forward by the witness, who was the driver of the car at the time the injury occurred. We have looked at the other exceptions presented by the appellant, and especially those to the charge, and we are of the opinion that they require no especial consideration, as they do not, in our opinion, call for a reversal. We think the damages—$600—awarded by the jury are not excessive, but that the evidence given upon the trial warranted the findings made by the jury. Judgment and order affirmed, with costs. All concur.