their contracts, even though the action may incidentally require an accounting.

The opinion of the learned special term, overruling the demurrer, and reported in 17 Misc. Rep. 722, 41 N. Y. Supp. 444, seems to me conclusive on the questions presented by this record, and the judgment should be affirmed, with costs, on that opinion.

WARD, J., concurs.

---

(20 App. Div. 161.)

### MAHAR v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Fourth Department. July 29, 1897.)

1. PERSONAL INJURIES—EXPERT EVIDENCE—SPECULATIVE CONSEQUENCES.
      A physician may testify, in an action for personal injuries, what effects certain conditions that have been ascertained by him will produce on plaintiff's system, what causes would naturally induce such conditions, and the probable duration of the same. Such evidence is not mere conjecture, since it expresses the deliberate judgment of an expert based on actual observation and experience as to results and conditions which might naturally and ordinarily be anticipated, and not merely as to those which were only within the range of probability.

2. WITNESSES—IMPEACHMENT—INCONSISTENT DECLARATIONS.
      In an action for injuries caused by the alleged failure of defendant carrier to stop its train a sufficient length of time to allow plaintiff passenger to alight, a witness for defendant testified that the train stopped about a half minute. Held, that declarations previously made by him that the train did not stop were admissible to discredit him, though they were not admissible against defendant as substantive evidence.
      Green, J., dissenting.

Appeal from trial term, Orleans county.

Action by Margaret Mahar against the New York Central & Hudson River Railroad Company to recover damages for personal injuries. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial upon a case and exceptions, defendant appeals. Affirmed.

Argued before HARDIN, P. J., and ADAMS, GREEN, and WARD, JJ.

C. A. Pooley, for appellant.
S. E. Filkins, for respondent.

ADAMS, J. This case has been twice tried. Upon the first trial it was determined, as matter of law, that the plaintiff was guilty of contributory negligence, and for that reason a verdict was directed in favor of the defendant. Upon a review of the case in this court, it was held that a question of fact respecting the plaintiff's negligence was presented by the evidence, which should have been submitted to the jury, and a new trial was therefore ordered. 5 App. Div. 22, 39 N. Y. Supp. 63. So far as we are able to discover from a careful reading of the record now before us, the facts are substantially the same as upon the former appeal. The plaintiff swore one or two additional witnesses upon the last trial, and the defendant was forced to call one or two who had testified on behalf of the plaintiff upon the former

trial. But, nevertheless, the evidence as a whole remains essentially unchanged; and, after further consideration of the questions which it presents, we find no occasion to modify the views which were entertained and expressed by this court upon the first appeal. The undisputed evidence clearly justifies the conclusion that the defendant's train did not stop at the County Line station (which was the plaintiff's destination) a sufficient length of time to enable her to alight therefrom, and that, in starting the same under the circumstances detailed by the witnesses, the defendant's officers and servants were unmindful of the obligations which they were under to the plaintiff, as a passenger. As to the other and more serious question, of the plaintiff's alleged negligence in attempting to leave the train in the manner she did, we can only repeat that we think a question of fact was fairly presented for the jury to determine, and we must therefore regard their verdict as conclusive upon that issue. In this situation of affairs, we do not feel called upon to reconsider the principal questions discussed with so much elaboration by the learned counsel, but will direct our attention to the examination of two or three exceptions which were taken to the rulings of the trial court.

A Dr. Chapman was called as a witness to give evidence as an expert respecting the plaintiff's physical condition. After describing what he had discovered from the several examinations made by him, a hypothetical question was put to him, in response to which he testified that, in his opinion, the plaintiff was suffering from spinal irritation. The witness was then asked to discribe that disease, and to state whether, in his judgment, based upon his examinations, as well as upon the facts assumed in the hypothetical question, the difficulty would prove permanent in its duration. This question was objected to as incompetent and speculative. The objection was overruled, and the witness answered that, taking all the circumstances into consideration, he was inclined to say that it would. He was then asked what effect upon the system a permanent spinal irritation would have. This question was in like manner objected to, but the witness was permitted to answer it by saying that the effect would be "nausea and vomiting, and also disturbed action of the heart, faintness, and affect the pulse, make it weak, perhaps irregular; produce pallor of the skin," etc. Several other questions of like tenor were asked of this witness, as well as of others called on behalf of the plaintiff, to all of which objections were duly raised, and to the decision of the court overruling the same exceptions were properly taken. It is now urged that the reception of this class of evidence was error, within the rule laid down in the case of Strohm v. Railroad Co., 96 N. Y. 305, and other cognate cases. We are inclined to think that the defendant's objections to all of these questions were somewhat general, and that they might for that reason possibly be disregarded. Turner v. City of Newburgh, 109 N. Y. 301, 16 N. E. 344; Wallace v. Oil Co., 128 N. Y. 579, 27 N. E. 956. But it is perhaps better to meet the issue which the counsel seeks to present, by calling attention to the distinguishing features of the cases cited and the one at bar. The Strohm Case, supra, is the leading one upon this subject, and we are not aware of any other in which the rule here invoked is carried to a greater length.

In that case, as in this, a witness had testified as to the result of a physical examination of the plaintiff, and also as to what the symptoms discovered by, and related to, him indicated; and then, in response to a further inquiry, he stated that the plaintiff's injury was "very likely to prove permanent." Being asked to explain what he meant by "very likely," the witness replied that worse conditions might develop, and then proceeded to further explain that a patient sustaining such injuries as the plaintiff had sustained, and presenting such premonitory signs, may develop insanity or any one of several other maladies which were specified. This character of evidence manifestly furnished the jury an opportunity to speculate as to consequences which were merely remote possibilities, and for that reason it was held to be improper. But in the case under consideration the several witnesses were simply permitted to testify what effect certain conditions which had been ascertained would produce upon the plaintiff's system, what causes would naturally induce such conditions, and the probable duration of the same. This evidence was something superior to and beyond mere conjecture, for it expressed the deliberate judgment of men of science, based upon actual observation and experience, as to results and conditions which might naturally and ordinarily be anticipated, and not as to those which were only within the range of possibility. It was therefore of some value to the jury, and competent for the purpose for which it was received. Turner v. City of Newburgh, supra; Griswold v. Railroad Co., 115 N. Y. 61, 21 N. E. 726; McClain v. Railroad Co., 116 N. Y. 459–469, 22 N. E. 1062; Stever v. Railroad Co., 7 App. Div. 392, 39 N. Y. Supp. 944; Griffith v. Railroad Co. (Sup.) 17 N. Y. Supp. 692, affirmed 137 N. Y. 566, 33 N. E. 339.

Another exception to which the defendant's counsel apparently attaches considerable weight was taken to the evidence of the plaintiff's witnesses Fermoile and McDonald, who were permitted to testify that the defendant's witness Pearl Hall had stated to the former, in the presence of the latter, that the train in question did not stop, but only slacked up, and went right on; "that, when those fellows [meaning the defendant] had to pay four or five thousand dollars, it will learn them to stop. That is the worst conductor on the road. Why, only the other day they had to stop and back up to let a woman off." This conversation having occurred immediately after the accident, it is contended that, within the rule laid down in Sherman v. Railway Co., 106 N. Y. 542, 13 N. E. 616, it was error to receive evidence thereof. In our opinion, however, there is little or no analogy between the circumstances of the two cases. In the one cited, the objectionable evidence was not designed so much to contradict or impeach a witness as it was to draw out a narrative of a past occurrence which would tend to establish the fact of the defendant's negligence; whereas, in this case, the evidence objected to was intended primarily to contradict the witness Hall, who had sworn that, according to his best judgment, the train did stop "about half a minute," and upon being asked if he had not made the statement above quoted, to McDonald and others, he replied that he had no recollection of it. The witnesses McDonald and Fermoile were then called, and the precise

46 N.Y.S.—54

question was put to them which had been asked of Hall. This was manifestly the proper method of contradicting the witness, and, as he had testified upon a subject which was quite material to the issue, it was certainly competent to prove declarations made by him which were inconsistent with and contradictory of his present statements under oath, even though such impeaching evidence may have incidentally had some bearing upon the main question. Whart. Ev. § 552; 1 Rice, Ev. p. 286; Homer v. Everett, 91 N. Y. 641; Greenfield v. People, 13 Hun, 242.

We have duly considered the several exceptions taken to the charge, as well as those taken to the refusal of the learned trial justice to charge in accordance with the request of the defendant's counsel, without discovering any prejudicial error which would justify us in directing a new trial; and we conclude, therefore, that the judgment and order appealed from should be affirmed.

Judgment and order affirmed, with costs. All concur, except GREEN, J., dissenting.

GREEN, J. I dissent. The evidence shows contributory negligence on the part of plaintiff, which precludes a recovery.