(169 App. Div. 602)

### GAZZOLA v. O'BRIEN. (No. 7678.)

(Supreme Court, Appellate Division, First Department. November 5, 1915.)

DEATH ⊂⊃58—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF—STATUTE.

    Code Civ. Proc. § 841b, providing that, in actions for causing death, the burden of proving contributory negligence of the deceased shall be on the defendant, being a matter of procedure, is applicable to actions pending at the time of its passage.

    [Ed. Note.—For other cases, see Death, Cent. Dig. §§ 75–78; Dec. Dig. ⊂⊃58.]

Appeal from Trial Term, New York County.

Action by Guiseppe Gazzola, as administrator, against Thomas J. O'Brien. Judgment for defendant. Plaintiff appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Sydney A. Syme, of Mt. Vernon, for appellant.
Clinton T. Roe, of New York City (George F. Hickey and Roe & Hayes, all of New York City, on the brief), for respondent.

CLARKE, J. This is an action to recover for the death of plaintiff's intestate, caused by being run over and killed by an automobile owned and driven by the defendant. The accident occurred on August 7, 1912, and the action was commenced on September 5, 1912. The court charged the jury that the plaintiff was required to show by a fair preponderance of the evidence that the deceased was free from negligence, to which an exception was taken.

The accident occurred and the case was commenced prior to the enactment of section 841b of the Code of Civil Procedure, added by chapter 228, Laws of 1913, to take effect September 1, 1913, providing

---

that on the trial of any action to recover damages for causing death the contributory negligence of the person killed shall be a defense to be pleaded and proven by the defendant. The case was tried in June, 1914. In Sackheim v. Pigueron, 215 N. Y. 62, 109 N. E. 109, the Court of Appeals has decided that section 841b of the Code of Civil Procedure operated only as a change in procedure and the mode of attaining or defending rights, and should be construed to apply to actions when the same took effect. It follows, therefore, that the instruction of the court, duly excepted to, that the burden of proving decedent's freedom from contributory negligence rested upon the plaintiff, was error, and such substantial error that we cannot sustain this judgment.

The judgment and order should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.