─────────

(173 App. Div. 650)

## ZIMMERMAN v. ULLMANN.

(Supreme Court, Appellate Division, First Department. July 10, 1916.)

1. DEATH ⬥⟹58(1)—EVIDENCE—BURDEN OF PROOF—CONTRIBUTORY NEGLIGENCE.

　　Under Code Civ. Proc. § 841b, providing that in actions for negligently causing death the contributory negligence of deceased shall be a defense to be pleaded and proved by defendant, an instruction that plaintiff must establish deceased's freedom from contributory negligence is error.

　　[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 75–78; Dec. Dig. ⬥⟹58(1).]

2. WITNESSES ⬥⟹388(5)—CONTRADICTION—LAYING FOUNDATION.

　　In a negligence action, cross-examination of defendant's chauffeur as to whether he had asked one M. to be lenient with him for causing the accident was improperly excluded, since it laid a foundation for contradicting the witness on the material point of his negligence.

　　[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1237; Dec. Dig. ⬥⟹388(5).]

3. EVIDENCE ⬥⟹471(19)—COMPETENCY—CONCLUSION OF WITNESS.

　　Testimony that the front wheel of deceased's motor cycle looked as if he had lost control of it is incompetent in action for collision.

　　[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1899; Dec. Dig. ⬥⟹471(19).]

Appeal from Trial Term, New York County.

Action by Alfred Zimmerman, as administrator, against Emanuel S. Ullmann. From a judgment for defendant, and an order denying a new trial, plaintiff appeals. Reversed and remanded.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, DOWLING, and DAVIS, JJ.

Daniel W. Blumenthal, of New York City, for appellant.

O. M. Quackenbush, of New York City, for respondent.

DAVIS, J. This action was brought to recover damages for the death of Harry Berlit as the result of a collision between defendant's automobile and a motor cycle driven by the deceased. The jury rendered a verdict in favor of the defendant.

The accident occurred in an afternoon in October, 1912, on the west drive of Central Park at the point of intersection of the west drive with the road leading out of the west drive to the Eighty-Fifth

─────────

street gate. The west drive runs about north and south, and the intersecting road about northwest and southeast; the two roadways intersecting at an acute angle. The automobile was going north in charge of defendant's chauffeur, Ross. The motor cycle driven by the deceased was going south on the proper side of the road. The car and the motor cycle came into collision at the place where the two roadways met.

The defendant claims that just previous to the accident the automobile was going north at the rate of 8 miles an hour; that a short distance south of the junction of the two roadways Ross, the defendant's chauffeur, drove his automobile in a straight line and in a direction to enable him to go into the road leading to the Eighty-Fifth street gate; that while driving in this manner Ross saw the motor cycle, with Berlit driving it, coming south down the west drive at about 25 miles an hour; that Ross saw deceased for about three or four seconds, and put his right hand out of the window of his limousine as a signal to deceased, and that then the accident happened; and that the motor cycle ran into the hub of the right front wheel at an angle. Berlit was thrown against the side of the automobile and sustained injuries from which he died. The defendant also claims that the deceased had lost control of the motor cycle, that it was wobbling, that the deceased brought the accident upon himself, and that the defendant's chauffeur was in no way responsible for the collision.

On the other hand, the plaintiff claims that the defendant's chauffeur, while going at a high rate of speed on the wrong side of the road, ran down the motor cycle driven by deceased; that the deceased was driving his machine slowly and carefully on the right side of the road, and that he was a skilled motorcyclist; that he was driving 4 or 5 feet from the edge of the road, and, as he approached the road leading to the Eighty-Fifth street gate, defendant's automobile swung onto the wrong side of the road; that deceased tried to avoid the automobile by turning to the right, but was unable to do so because of the high rate of speed at which the automobile was going.

The issues of defendant's negligence and the contributory negligence of the deceased were sharply contested at the trial. The court instructed the jury that the plaintiff was bound to establish, not only the negligence of the defendant, but his own freedom from contributory negligence. Proper exception was taken to this part of the charge.

[1] This trial took place in October, 1914, about one year after section 841b of the Code of Civil Procedure took effect. That section provides that:

"On the trial of any action to recover damages for causing death the contributory negligence of the person killed shall be a defence, to be pleaded and proven by the defendant."

It has been held that this section applies, even though the accident resulting in death and the beginning of the action took place before its enactment. Gazzola v. O'Brien, 169 App. Div. 602, 155 N. Y. Supp. 350; Sackheim v. Pigueron, 215 N. Y. 62, 109 N. E. 109. Therefore the instruction to the jury that the plaintiff was bound to

allege and prove absence of contributory negligence was erroneous, and requires a reversal of this judgment.

[2] The chauffeur, Ross, had given testimony tending to disprove the charge of negligence in his operation of his car. On cross-examination he was asked the following question:

"Q. Now, when you went up and saw Molin, the day after the accident, did you say to him, 'Please be lenient with me on account of my causing the accident, as I have a family to support'?"

The question was excluded under objection. We think the question should have been allowed, as it indicated a purpose to lay a foundation for contradicting the witness on a material point, his own freedom from negligence, through the witness Molin. Larkin v. Nassau Electric Co., 205 N. Y. 267, 98 N. E. 465.

[3] The defendant's witness was allowed to testify that, from looking at the front wheel of deceased's machine, it looked as if he had lost control of it. This is a pure conclusion of the witness, and was inadmissible to prove contributory negligence.

Without passing upon other questions raised on this appeal by appellant, we conclude that the errors referred to require a reversal of this judgment and order, and the granting of a new trial, with costs to appellant to abide event. All concur.