HATTIE E. WOLFE and HARRY WOLFE, Respondents, *v.* MADISON AVENUE COACH COMPANY, INC., Appellant.

Supreme Court, Appellate Term, First Department, July 7, 1939.

*Henry J. Smith* [*Edward T. O'Connor* of counsel], for the appellant.

*William I. Cohen* [*Benjamin S. Thaw* of counsel], for the respondents.

SHIENTAG, J. The action is one in negligence by the plaintiff for personal injuries and by her husband for loss of services. The plaintiff was a passenger in the defendant's bus. She recovered a verdict in the sum of $800 and her husband was awarded the sum of $200 by the jury. The plaintiff made out a case in negligence and there was no prejudicial error in the judge's charge. The appeal turns upon some very interesting questions in the law of evidence.

The operator of the defendant's bus was called as a witness on behalf of the defendant. He testified as to his careful operation of the vehicle and, in the course of his cross-examination, he was asked whether he had had any conversation after the accident with a Mrs. Hayman, a daughter of the plaintiff. He was rather vague in his response but finally, without objection, testified that he did not recall having any conversation with the person named. Thereupon Mrs. Hayman was called in rebuttal and the following took place: " Q. Did you have a conversation with anybody after this accident? A. Yes, with the bus driver. Q. The man who has just testified here? A. Yes. Q. What did you say to him and what did he say to you? Defendant's counsel: That is objected to. The court: Overruled. Defendant's counsel: Exception. A. I became excited when I saw mother on the floor of the bus and I said, ' That is an awful thing to do, to drive like that ' and he said, ' I am sorry, lady. I admit it is my fault but there is nothing I

can do about it now. I am sorry it happened and I will get you a policeman or an ambulance or whatever you suggest.' "

Defendant's counsel cross-examined the witness concerning the alleged conversation and then called the bus driver in sur-rebuttal and asked: " Q. Did you tell the last witness, Mrs. Hayman, that you were sorry that this accident happened and that it was your fault? A. No, sir."

The question presented on this appeal is whether the admission of the testimony given by Mrs. Hayman constitutes reversible error.

It is well settled that statements made by an agent after the occurrence of an accident are not binding on his employer. The statements are not to be received as admissions against an employer because they are not made within the scope of the agent's authority. Such statements may, however, be used for a limited purpose and that is to impeach the credibility of a witness but only if a proper foundation has been laid for their use. It is always permissible to attack the credibility of a witness, and this includes an agent or employee, by showing that at some other time he has said things which are inconsistent with or contrary to the testimony which he has given on the trial.

Before evidence of a prior inconsistent statement may be given, justice demands that the attention of the witness should first be called specifically to the statement and that he be adequately warned on cross-examination that the specific statement he is alleged to have formerly made will be used against him, so that he may have an opportunity to deny having made the statement or to explain it or to change his testimony, if his memory is refreshed and he wishes so to do. " In the case of verbal statements, the attention of the witness should be called to what it is claimed he had previously said, specifying the time when, the place where, and the person with whom the alleged conversation was had, and he should be asked if he had so stated. If he does not admit it, proof may then be given." (*Wisniewski* v. *New York Central R. R. Co.*, 228 App. Div. 27, 30.)

In this case no proper foundation was laid for the impeaching statement. The witness should have been asked not only whether he had a conversation with Mrs. Hayman at a certain time and place but even after he denied having had any conversation with her, he should have been asked specifically whether he said to her at that time and place that the accident was all his fault. If, therefore, a proper objection had been made to the testimony given by Mrs. Hayman on rebuttal, it would have been error to permit her to testify as she did.

The rule is, however, that a general objection taken to testimony of this kind will not suffice, on the theory that the error could have been corrected if specifically called to the attention of the court (1 Wigmore on Evidence [2d ed.], § 18; *People* v. *Murphy,* 135 N. Y. 450, 454; *Noonan* v. *Caledonia Mining Co.,* 121 U. S. 393, 400). Defendant's counsel should have objected to the question put to Mrs. Hayman on the ground that no proper foundation had been laid for it. Indeed, the form of the question put to Mrs. Hayman was incorrect because, in rebuttal, she should have been asked to state whether or not the driver, after the accident, had made the specific statement to her that it was claimed he did. Moreover, the error could hardly be said to have been prejudicial because the driver was recalled in sur-rebuttal and denied having made the statement attributed to him.

The next question is whether, assuming that the proper foundation had been laid for it, the testimony would be admissible as a prior inconsistent statement tending to impeach the credibility of the bus driver. There has been some confusion in the cases on this point in this and in other jurisdictions. It is urged that the statement attributed to the driver, to the effect that the accident was all his fault, is a conclusion and expression of opinion, which in no event is admissible; but this fails to take into account the real purpose for which the evidence is offered. The statement is not received as expressing the opinion of the driver. The declaration is not offered as substantive testimony; it is not received as an admission of the driver's liability which would in no event be binding on his employer. It is used as a statement inconsistent with the entire line of testimony given by the driver on direct examination, to the effect that he had acted as a prudent cautious operator of the bus and is to be considered only in so far as it tended to impeach his credibility as a witness.

Professor Wigmore states the test to be: " Is there within the broad statement of opinion on the general question some implied assertion of fact inconsistent with the other assertion made on the stand? If there is, it ought to be received, whether or not it is clothed in or associated with an expression of opinion." (2 Wigmore on Evidence [2d ed.], § 1041; See *Whipple* v. *Rich,* 180 Mass. 477; 63 N. E. 5; *McClellan* v. *Fort Wayne & Belle Isle R. Co.,* 105 Mich. 101; 62 N. W. 1025.)

In *Burns* v. *Borden's Condensed Milk Co.* (98 App. Div. 219), the driver testified in detail to certain facts which, if they constituted the true version of the accident, indicated that the defendant was not negligent. Thereupon, on cross-examination, he

testified that he did not say after the accident to a witness that " she could have me arrested if she wanted to, that it was all my fault or anything like that." In rebuttal, the witness, who was the plaintiff's mother, was asked: " Did the driver say at that time that you could have him arrested, if you wanted to, that it was all his fault, and that he did not see the boy until he had run over him, as he was writing in his book? " This was objected to and the objection overruled, the witness answering, " Yes, he said that."

The Appellate Division said: " There can be no doubt that the plaintiff could not have proved these declarations of the driver as part of his case, for the rule is well-established that statements made in the absence of a party by one who did not speak by his authority are incompetent (*Austin* v. *Bartlett*, 178 N. Y. 310, 313; *Burns* v. *Borden's Condensed Milk Co.*, 93 App. Div. 566, 567, and authorities there cited), but in the case now before us the defendant had called this driver, and the driver had testified to a state of facts entirely inconsistent with his previous declarations, and it was competent, not as showing the defendant's negligence, but for the purpose of impeaching or contradicting the witness. (*Kay* v. *Metropolitan Street Ry. Co.*, 163 N. Y. 447, 450.) The attention of the witness had been called to the time, place and circumstances, and to the language used, and he denied having used the language. It was competent, therefore, as going to the credibility of the witness, to show that he had made statements in reference to this matter inconsistent with his testimony upon the trial. The plaintiff made no effort to introduce the testimony of these alleged declarations on the part of the driver until the latter testified to the defendant's version of the accident, and this being inconsistent with the declarations, it was competent for the plaintiff to show that the driver had made different statements, and statements which could not be reconciled to his testimony upon the trial." (p. 221).

A similar situation was presented in the case of *Zimmermann* v. *Ullmann* (173 App. Div. 650). There, on cross-examination of the defendant's chauffeur, who had given testimony tending to disprove his negligence in the operation of the car, it was held competent to ask him if when he saw a certain witness the day after the accident he did not ask him to be lenient on account of his causing the accident, as such question indicated a purpose to lay a foundation for contradicting the chauffeur through that witness.

In *Mahar* v. *New York Central & H. R. R. R. Co.* (20 App. Div. 161; affd., 162 N. Y. 633), the question was whether the defendant's train stopped at a station for a sufficient length of time to enable

the plaintiff to alight therefrom. A witness called on behalf of the defendant, one Hall, testified on direct examination that, according to his best judgment, the train did stop " about half a minute." He was asked on cross-examination whether he had not said to certain witnesses: " When those fellows (meaning the defendant) had to pay four or five thousand dollars, it will learn them to stop. That is the worst conductor on the road. Why only the other day they had to stop and back up to let a woman off." These witnesses were then called and the precise question was put to them which had been asked of Hall.

The court, distinguishing the case of *Sherman* v. *Delaware, L. & W. R. R. Co.* (106 N. Y. 542), said: " This was manifestly the proper method of contradicting the witness, and as he had testified upon a subject which was quite material to the issue, it was certainly competent to prove declarations made by him which were inconsistent with, and contradictory of, his present statements under oath, even though such impeaching evidence may incidentally have had some bearing upon the main question."

In *Lynch* v. *Pratt* (222 App. Div. 179) the principal witness for the plaintiff, on cross-examination, denied that he stated to a police officer immediately after the accident that he did not think the driver of the automobile was to blame and that the lights were out and " he could not see him." It was held to be prejudicial error to deny the defendant the right to examine the police officer to whom the statements were alleged to have been made, for the offered evidence went directly to the credibility of the plaintiff's witness.

And, finally, in *Judson* v. *Fielding* (227 App. Div. 430; affd., 253 N. Y. 596), the court held that, in view of the fact that there was a sharp conflict in the evidence relating to the negligence of the motor bus driver, it was prejudicial error for the court to refuse to admit testimony to the effect that one of plaintiff's principal witnesses, who was a passenger on the bus, made a statement, at the time of the accident that the motor bus was not to blame, he having testified on the trial that the motor bus was in an illegal position.

The court held that, while the statements to which the inquiry was directed were largely in the nature of opinions of the witness, these opinions were entirely incompatible with the testimony he had given and inconsistent with it.

The court said: " Whilst a general opinion of a witness on the merits may be properly excluded (*Schell* v. *Plumb*, 55 N. Y. 592, 599; *Matter of Eno*, 196 App. Div. 131, 159), distinction is to be

made where the opinion is closely related to the facts and is inconsistent with the testimony of the witness. (*Larkin* v. *Nassau Electric R. R. Co.*, 205 N. Y. 267; *Lynch* v. *Pratt*, 222 App. Div. 179; *Cohen* v. *Beyer*, 215 id. 379; *Zimmermann* v. *Ullmann*, 173 id. 650, 652; 2 Wigm. Ev. [2d ed.] secs. 1040, 1041.)"

One further question remains to be considered — the alleged inconsistent declaration of the driver was, under the authorities, to be received for a specific purpose and its use strictly limited. It was not to be considered as evidence of its truth or as any admission of liability binding upon the defendant. It was admissible only in so far as it might tend to impeach the credibility of the driver as a witness. The jury was not instructed concerning this limitation upon the use of the evidence at any time during the trial. It was not referred to in the charge.

We believe, that even in the absence of any request by counsel, the better practice is for the court of its own accord, to instruct the jury concerning the limited application and the proper use to be made of evidence such as is here involved. This should be done when the evidence is admitted or in any event in the charge to the jury.

In the absence of any request by counsel, the court's failure to limit the application of such evidence, does not constitute reversible error. No such request was here made. (*Deutschmann* v. *Third Ave. R. R. Co.*, 87 App. Div. 503, 508; *Walsh* v. *Carter-Crume Co., Ltd.*, 126 id. 229; *Cohen* v. *Toole*, 184 id. 70; *Kraus* v. *Fifth Ave. Coach Co.*, 233 id. 357; *Burger* v. *Taxicab Motor Co.*, 66 Wash. 676; 120 P. 519; *Epting* v. *Nees*, [Tex. Civ. App.] 25 S. W. [2d] 717, 719; *Alabama Machinery & Supply Co.* v. *Caffey*, 213 Ala. 260; 104 So. 509, 512; *Stallins* v. *Southern Ry. Co.*, 140 Ga. 55; 78 S. E. 421, 422.)

An examination of the entire record convinces us that substantial justice has been done in this case. The judgment is accordingly, affirmed.

Noonan, J., concurs; Hammer, J., dissents, with opinion.

Hammer, J. (dissenting). I dissent and vote for reversal and new trial. By the opinion of the majority the issue is limited to whether the admission of the improper evidence was prejudicial.

A witness cannot be impeached by showing a former expression of opinion inconsistent with the conclusion which may be drawn and established by the facts testified to by him. (*Schell* v. *Plumb*, 55 N. Y. 592, 599, affg. 48 How. Pr. 11; *Matter of Eno*, 196 App. Div. 131, 158.) Since it is agreed the statement " was admissible

only in so far as it might tend to impeach the credibility of the driver   *   *   *" and "no proper foundation was laid for the impeaching statement   *   *   *" and "the jury was not instructed concerning this limitation upon the use of the evidence at any time during the trial," and "it was not referred to in the charge," in my opinion it should be held prejudicial error. Under the circumstances it seems that any objection, general or otherwise, to the evidence was sufficient, especially as the witness was called solely for the purpose of giving the inadmissible testimony which thus was called specifically to the attention of the court. The prejudice thereby placed upon the defendant was not cured, because defendant's counsel found himself forced to recall the driver to rebut the statement by denial. Placed in the prejudicial position he had no other recourse. If anything, the prejudice seems to have been aggravated, as the statement and denial may then have assumed magnitude in the minds of the jurors which was not lessened by any instruction of the court. Since it cannot be said with accuracy whether the jurors were led to their conclusion by a consideration of the inadmissible testimony as direct proof or merely as affecting credibility, it would seem that justice requires a new trial.