Charles Margett, J.
The plaintiffs, in an action to recover damages for personal injuries and damage to property, move for summary judgment on the issue of liability and for an assessment of damages. The defendants cross-move for an order directing the injured plaintiff to be physically examined “ by doctors of defendants’ choice.”
*551 At about 1:00 a.m. of October 2, 1957, the plaintiff Carl Caceiato was stopped while operating his wife’s automobile on Main Street and Northern Boulevard, Flushing, Queens, awaiting a change of a traffic light located at that intersection. He was struck in the- rear by a truck tractor and trailer operated, managed and controlled by the defendant Cawein for his codefendants, the owners thereof. The force of the collision, according to said plaintiff, caused the left side of his head to strike the steering wheel as a result of which he sustained, among other injuries, a traumatic whiplash injury to the neck, resulting in straightening of contour of cervical spine, diminished flexion, pain and tenderness, cerebral concussion and post concussion syndrome, ptosis of upper left eyelid, blurriness of vision in left eye and pain and tenderness over left supra orbital region of the eye and swelling.
The opposing affidavit submitted by an attorney associated with the attorney of record for the defendants on the return day of the motion has no probative value whatsoever. (Di Sabato v. Soffes, 9 A D 2d 297, 300-301; Cohen v. Pannia, 7 A D 2d 886.) Subdivision 2 of new rule 113 of the Buies of Civil Practice contemplates an affidavit which is a reservoir of facts and not conclusions and arguments on the facts and the law. An affidavit-brief, such as has been here submitted, does not satisfy the foregoing requirements. (Taylor v. African M. E. Church, 265 App. Div. 858.) The court is quite familiar with the elementary provisions of law therein contained and, in any event, the proper place for expounding them is in a brief or memorandum of law.
After the return day of the motion and with the permission of the court, an opposing affidavit was submitted by the defendant Cawein, who operated the truck tractor and trailer here involved with the permission and consent and on the business of his codefendants, the owners thereof. Beference thereto will be subsequently made.
Plaintiffs’ motion is supported by an affidavit of the plaintiff Carl Caceiato, a photo static copy of a motor vehicle report signed and transmitted on October 27, 1957 by the driver of the truck tractor and trailer, the defendant Cawein, the examination before trial of the defendants by said driver, plaintiffs’ verified bill of particulars and the pleadings. In the determination of this motion, the court cannot, of course, consider the driver’s own motor vehicle report as binding upon his employers. (Wolfe v. Madison Ave. Coach Co., 171 Misc. 707, 709; Rothman v. Schwartz Bros. Mem. Chapels, 195 N. Y. S. 2d 930, 932; see, also, Schner v. Simpson, 286 App. Div. 716; Jankowski v. *552 Borden’s Condensed Milk Co., 176. App. Div. 453.) The driver’s examination before trial, however, and his opposing affidavit sworn to on March 7,1960, which was submitted on behalf of all the defendants, may be considered.
In such examination before trial, the defendant Cawein testified that the truck tractor and trailer involved in this accident had a gross weight of 45,000 pounds; that his front bumper struck the plaintiffs’ rear bumper on the date, time and place in question; that about 150 to 200 feet before reaching the intersection of Main Street with Northern Boulevard, he noticed plaintiffs’ automobile stopped for a red light and that he started to slow down by tapping his foot on his air brakes. He was then asked: 1‘ Will you describe in your own words what happened between the time that you had your foot on the brake and the time that you came into contact with the motor vehicle that Mr. Cacciato was operating?” He answered: “ Stopped about six feet behind him, five to six feet behind him, and on the way down Main Street my sweater had fallen off the seat next to me, so I reached down and picked my sweater up and my foot came off the brake pedal and the truck rolled into Mr. Cacciato’s vehicle.”
The substance of this testimony was repeated by the driver in his opposing affidavit. He stated:
“ Deponent’s sweater had fallen off the seat next to him before he came to a stop, and while his truck was stopped in the aforesaid position and while his right foot was on the brake your deponent reached over to pick up his sweater as there was a chill in the early morning air, and your deponent intended to put his sweater on. While your deponent reached for his SAveater, his foot slipped off the brake much to his surprise and the truck rolled forward into the plaintiffs’ vehicle.
“ Your deponent had absolutely no idea or inclination that his foot Avould slip off the brake. Your deponent had performed similar operations on other occasions, and nothing like that had ever happened before.
“ Your deponent feels that this is a pure accident for Avhich he has no responsibility in that he Avas not careless or negligent in Avhat he did. Your deponent did not foresee Avhat Avould happen, and feels that he acted exactly as the average, ordinary, prudent man would act under the same circumstances.”
Quite obviously no issue of contributory negligence on the part of the plaintiffs is here invobred. The only inference which may be drawn from the driwer’s own testimony is that be failed to exercise reasonable care in attempting to retrieve his SAwm.ter, which had fallen off the seat next to him, while *553 he was holding in check the heavy truck tractor and trailer only 5 to 6 feet to the rear of plaintiffs’ stopped passenger automobile. A driver whose foot slips off the brake under such circumstances is a careless operator. Where the facts contained in the moving and opposing papers adduced at a trial, the trial court would be warranted in directing a verdict in favor of the plaintiffs for “ by no rational process could the trier of the facts base a finding in favor of ’ ’ the defendants here upon the evidence presented. (Blum v. Fresh Grown Preserve Corp., 292 N. Y. 241, 245.) Stated differéntly, no evidence has been adduced by the defendants to show the existence of a material issue of fact or even an arguable defense that could sustain a verdict in their favor. (McDonald v. Metropolitan St. Ry., 167 N. Y. 66, 70.)
The motion for summary judgment on the issue of liability is accordingly granted and an assessment ordered upon the filing of a statement of readiness and note of issue, if the cause is not already on the calendar.
The defendants’ motion for a physical examination of the injured plaintiff is granted, the same to be held before the assessment of damages to enable the defendants properly to prepare their case on the issue of damages. Since the plaintiffs object, the court will designate the neurologist and eye doctor to make the examinations. A copy of the reports will be furnished to the plaintiffs. (Pink v. Valentine, 10 A D 2d 583.) That plaintiff Carl Cacciato has already been examined does not, under the circumstances here, bar a second examination since it was only on November 10, 1959, that the defendants became aware for the first time that this plaintiff had been treated not only by a general practitioner, but also by a neurologist and an eye doctor. The physician who examined this plaintiff is not a specialist in either field. Proceed on notice.